W. O. JOHNSON v. TEXANA TAYLOR ET AL.

(Case No. 1513.)

1. STATUTES CONSTRUED — SUIT TO CORRECT AUTHENTICATION OF A DEED.— Art. 4353 of the Revised Statutes, which authorizes any party interested to bring an action in the district court to correct the defective certificate to the acknowledgment of an instrument, which was in fact properly acknowledged, applies as well to deeds as to other instruments properly executed and acknowledged by married women but defectively certified to.

2. SAME.— That provision of the law does not create a right, but permits the judgment of a court to be substituted for the defective certificate of the officer, which should have been the evidence of it, and it cannot be said to operate retrospectively.

3. SAME.— That provision of the statute was intended to have a prospective operation, and that it may operate upon causes of action based upon past contracts does not change its character.

4. Same.— Art. 4353, R. S., simply provides a new rule of evidence and a remedy by which it may be shown that a contract was really made in accordance with law.
5. Separate acknowledgment.— Though the statute must be complied with in order to pass title to a married woman's separate property, it does not necessarily follow that an instrument willingly executed by her and actually acknowledged as required by law, is absolutely void, simply because of the officer's failure to make the proper certificate which the facts authorized, and which the law required him to make.
6. Case reviewed.— Dalton v. Rust reviewed, and the doctrine announced, that though an instrument acknowleged by a married woman may be defectively certified to, it may, in connection with other facts, become the basis of a right which a court of equity will protect.
7. Constitution.— The constitution, art. III, sec. 56, recognizes the power in the legislature to give effect to informal and invalid wills or deeds, and restricts its power only in one respect.
8. Cases reviewed.— Chesnut v. Shane, 16 Ohio, 599; Watson v. Bailey, 1 Binney, 476; Webb v. Den, 17 Howard, 577; Deutzel v. Waldic, 30 Cal., 142, and other cases, reviewed and discussed.
9. Statute construed.— Art. 4353 of the Revised Statutes never intended to permit the validating of conveyances when in fact the law had not been complied with in taking the acknowledgment, but gives only a new remedy for ascertaining the fact that the acknowledgment was in fact properly made.

Appeal from Kaufman.  Tried below before the Hon. Green J. Clark.

*H. P. Teague*, for appellants.

*Manion & Adams* and *Grubbs & Morrow*, for appellants, cited: R. S., arts. 4351, 4352, 4353, 4354, 4355; Sewell v. Lawrence, Supreme Court of Texas, Austin term, A. D. 1882, Texas Law Reporter, vol. 1, No. 5, p. 412; Good v. Zercher, 12 Ohio, 365, and Justice Birchard's dissenting opinion, p. 369; Chesnut v. Shane's Lessee, 16 Ohio, 601; Watson v. Mercer, 8 Pet., 109; Underwood v. Libby, 10 Serg. & R., 101; Barnett v. Barnett, 15 Serg. & R., 72; Tate and wife v. Stooltzfoos, 16 Serg. & R., 35; Green v. Drinker, 7 Watts & S., 440; Goshen v. Stonington, 4 Conn., 209 (10 Am. Dec., 126); 25 Gratt., 3; 15 N. Y., 1; Paschal v. Perez, 7 Tex., 365; Waltez v. Weaver, 57 Tex., 569; Sedgwick on Stat. & Const. Law, pp. 198, 200; Belcher v. Weaver, 46 Tex., 293; Monroe v. Arledge, 23 Tex., 478; Meddock v. Williams, 12 Ohio, 372; Martindale on Conveyancing, p. 222, sec. 260.

Stayton, Associate Justice.— This action was brought by the appellees against the heirs of Amanda McDonald, represented by guardian, and against their co-defendants, to correct by judgment a

certificate of acknowledgment, which was alleged to have been properly made, but defectively certified, to a deed by which it was alleged that Amanda McDonald had sold and conveyed land which she owned in her separate right.

The action was brought under art. 4353 of the Revised Statutes, which is as follows: "Where the acknowledgment or proof of the execution of any instrument in writing may be properly made, but defectively certified, any party interested may have an action in the district court to obtain a judgment correcting the certificate."

The succeeding article provides for the institution of suits to obtain judgments proving such instruments as have not been acknowledged or proved, and art. 4355, R. S., declares that "a certified copy of the judgment in a proceeding instituted under either of the two preceding articles, showing the proof of the instrument, and attached thereto, shall entitle such instrument to record, with like effect as if acknowledged."

The statute upon which this action is based is broad in its language, and will apply as well to deeds and other instruments properly executed and acknowledged by married women, but defectively certified, as to like instruments executed by other persons. It makes no exception of instruments executed by married women, and the courts can make none. Webb *et al. v.* Den, 17 How., 578.

Statutes are ordinarily to be construed as operating prospectively, and it is not necessary to give the statute in question any other effect, in order to bring the cause of action set out in the petition within its operation, although it operates upon a pre-existing cause of action.

The statute does not attempt to create a right where none before existed, but simply to permit parties to show, if they can, by the judgment of a court, that which, before the statute was enacted, could only be shown by the certificate of the designated officer. A statute which accomplishes this, and no more, cannot be said to operate retrospectively.

That the legislature may alter rules of evidence, as it may other matters affecting solely the remedy, is well settled. Speaking upon this question an elementary writer of recognized accuracy says: "Those rules pertain to the remedies which the state provides for its citizens, and generally, in legal contemplation, they neither enter into and constitute a part of any contract, nor can be regarded as being of the essence of any right which a party may seek to enforce. Like other rules affecting the remedy, they must therefore at all times be subject to modification and control by the legislature; and

the changes which are enacted may lawfully be made applicable to existing causes of action, even in those states in which retrospective laws are forbidden. For the law, as changed, would only prescribe rules for presenting the evidence in legal controversies in the future; and it could not, therefore, be called retrospective, even though some of the controversies upon which it may act were in progress before." Cooley's Constitutional Limitations, 457.

The rule is well expressed in the following cases: Southwick *v.* Southwick, 49 N. Y., 517; Howard *v.* Most, 64 N. Y., 268; Neass *v.* Mercer, 15 Barb., 322; Hepburn *v.* Curts, 7 Watts, 301; Webb *v.* Den, 17 How., 578.

The right of parties to suits to testify in their own behalf, in reference to matters which occurred before the present statute regulating that matter, when such matters constitute a cause of action and are put in suit, although at the time the cause of action accrued such persons, under the law then in force, could not have testified, is an illustration of the rule, and was passed upon by the supreme court of New Hampshire in Rich *v.* Flanders, 39 N. H., 323.

Looking to the defect in the former law, which made the certificate of an officer before whom an acknowledgment was taken the sole and exclusive evidence of what was done, unless such certificate was attacked for fraud or some other reason deemed sufficient to authorize the setting aside of the deed notwithstanding the certificate was in due form, there can be no doubt that it was the intention of the legislature to give the remedy now provided by the statute in all cases in which parties thereafter might find it necessary to resort thereto in order to correct or complete the informal act of an officer, when there was no defect in the actual execution and acknowledgment of an instrument, the same having been done in the manner provided by law, and this even though the formal defect in the officer's certificate may be found to exist in an instrument executed and acknowledged prior to the time the act in question was passed.

The act was intended to have a prospective operation, and that it may operate upon causes of action based upon past contracts does not change its character.

The wife, joined by her husband, had the power to convey her separate estate, restricted only in mode by the fact that it was necessary for her to make before the proper officer, under the circumstances prescribed in the statute, her declaration that she had willingly signed and delivered the instrument and did not wish to retract it. When this was in good faith willingly done with a full knowledge of the import and meaning of the instrument, acquired

in the manner prescribed, in so far as it was possible for her to do, the power was fully exercised and the act of transfer accomplished. What remained to be done in no manner affected her free and voluntary consummation of the contract, but consisted, the officer up to that time having discharged his duty, solely of the then formal act which the officer was required to perform in the making of the certificate required by the statute, the sole purpose of which was to evidence her assent, uninfluenced by her husband or any other person, after having been fully informed by the officer of the character and effect of the instrument.

No act or free exercise of will by the married woman, necessary to be performed or exercised by her in order to pass her title, required by the law in force at the time the deed was made, is dispensed with by the law under consideration. It simply provides a new rule of evidence and a remedy, by which it may be shown that a contract was really made in accordance with law.

While the acts of an officer taking the acknowledgment of a married woman, in reference to those things which he is required to do, and which the married woman must willingly and intelligently do, before he is authorized to make the certificate required by law, are not formal acts, but are to some extent, so far as the officer is concerned, of an advisory character, involving, at least in the construction and interpretation of the instrument to be acknowledged, which he is required to explain, duties *quasi* judicial; yet, after all things required to be done prior to making the certificate have been properly done, the mere making of the certificate is a formal act which the legislature might have dispensed with in the first instance, and in place of which it may now substitute other evidence, without depriving any one, not entitled to protection upon equitable grounds, of any right in law or morals. Cooley's Const. Lim., 463, 477, and cases cited illustrative of the rule.

In place of the evidence which the law required to be furnished by the certificate of the officer, the statute now, in the absence of such evidence, substitutes the judgment of a court, before which full and free inquiry can be made as to whether or not the acknowledgment was under such circumstances and in such form as the statute requires.

That the privy examination, acknowledgment and declaration before the officer as required by the statute is the essence and foundation of the obligation of a married woman's deed is certainly true. Cross v. Evarts, 28 Tex., 532; Berry v. Donley, 26 Tex., 746; Looney v. Adamson, 48 Tex., 621.

In the last named case it was held that parol evidence was not

admissible to show that the deed was voluntarily executed by the wife, the officer's certificate not showing that there had been a privy examination and acknowledgment.

In the case of Nichols v. Stewart, 15 Tex., 235, parol testimony was admitted to show that the seal of the officer was undesignedly omitted. In Nichols v. Gordon, 25 Tex. Sup., 112, the question as to whether or not explanatory evidence could be admitted to obvi- ate a defect in a certificate was left open.

Equities of persons claiming under instruments executed by mar- ried women, but not properly acknowledged and certified, have been recognized and protected. Dalton v. Rust, 22 Tex., 133; Womack v. Womack, 8 Tex., 397.

While it is true that the statute must be complied with in order to pass title to a married woman's separate estate, it does not follow necessarily that an instrument willingly executed by her, and actually acknowledged as required by law before a proper officer, is absolutely void, simply because the officer has failed to make the proper certif- icate which the facts authorized and the law required him to make. If void, a deed cannot be the basis of an equity. If it exists, it must spring from some other source.

In the case of Dalton v. Rust there was no misrepresentation as to the title held by Lindsay, for the bond under which he held was made a part of the petition asking a sale of the land; of that Mrs. Dalton had notice when she purchased.

Under the sale made upon the petition of the vendees, who had executed a bond for title not properly acknowledged and certified for Mrs. Rust, who owned in her separate right one-half of the land, Mrs. Dalton purchased and paid for it, and the money, so far as was necessary, was applied in discharge of the purchase money due to the parties asking the sale. Is the fact that the money was raised by the sale of a defective title, upon the application of a vendor to pay for the land, to put a person who so pays the money upon higher ground than a vendee would occupy if he voluntarily paid the pur- chase money and took a defective title resulting from the want of a proper acknowledgment and certificate thereof?

All the title Lindsay had came through the defective title bond and payment of a part of the purchase money; that was the title sold and the title bought; and there is no single fact in the case to raise an estoppel, save that the balance of the purchase money was paid by Mrs. Dalton at sale made at request of vendors, and that it was by them received. Upon whatever ground we may technically base that case, call it estoppel or what we may, the case makes it

apparent that equities, at least, may grow out of conveyances made by married women not in the mode prescribed by law, or defectively certified.

Such instruments, with other facts, may become the basis of rights which a court of equity will protect, and even make superior to the naked legal title, as was done in the case we have referred to. If so, is the legislature under any constitutional restraint which prohibits it to provide a method by which may be validated a title good in every respect, save that the instrument which evidences it wants the certificate which, under the facts, it was the duty of the officer to have made as the evidence of right?

The constitution itself seems to recognize the fact that the exercise of such power by the legislature would be the exercise of legitimate power, and restrains its power only in one respect. Art. III, sec. 56, of the constitution, in placing restrictions upon the power of the legislature, provides that " the legislature shall not, except as otherwise provided in this constitution, pass any *local* or special law" upon given subjects, among which are the following: "Regulating the practice or jurisdiction of, or changing the rules of evidence in, any judicial proceeding or inquiry before courts, justices of the peace, sheriffs, commissioners, arbitrators or other tribunals, or providing or changing methods for the collection of debts or the enforcing of judgments, or prescribing the effect of judicial sales of real estate," . . . nor for " giving effect to informal or invalid wills or deeds."

The first of these provisions recognizes impliedly the power of the legislature to change the rules of evidence, and also to prescribe the effect of judicial sales of real estate, if done by general laws; otherwise the declaration that this shall not be done by *local* or special laws is meaningless; for, if the legislature has not the power, its act is void, by whatever form or character of law it may attempt to exercise it.

If the constitution did not recognize in the legislature a power to give effect to *informal* or even *invalid* deeds, deeds made so, not for the want of the free consent and mutual agreement of the parties, but for the want of some formality required by the statutes, why forbid the exercise of such power by *local* or special law? Why not have declared that such power should not be exercised at all, if the power to exercise it by general laws was intended to be withdrawn from the legislature by any other part of the constitution?

The defects to be cured were evidently such as in other states it has been held the legislature had the power to cure without inter-

fering with vested rights, or violating a constitutional declaration that the legislature should not pass retroactive or retrospective laws. The last clause of the section assumes that, in reference to all named matters which the legislature is prohibited from acting upon by *local* or *special* laws, general laws may be passed, and provides: " And in all other cases where a general law can be made applicable, no *local* or *special* law shall be enacted," etc.

We will refer to some of the cases decided in other states.

In Ohio certain deeds made by married women were not certified by the officers taking the acknowledgments to have been explained to the makers of the deeds before or at the time the acknowledgments were certified, and hence were ineffectual for the purpose of record and evidence. An act was afterwards passed which provided that " any deed heretofore executed pursuant to law, by husband and wife, shall be received in evidence in any of the courts of this state, as conveying the estate of the wife, although the magistrate taking the acknowledgment of such deed shall not have certified that he read or made known the contents of such deed before or at the time she acknowledged the execution thereof," and it was held that the act was valid and not subject to any objection based upon the ground that it divested vested rights, violated contracts, or was the exercise by the legislature of *judicial* powers. Chesnut *v.* Shane, 16 Ohio, 599.

In disposing of the case the court said: " The act gives a new rule, and makes such deeds evidence of title in all future cases, provided the deeds had been *executed pursuant to law*. The difference between the learned counsel and the general assembly is this: the latter took a distinction between *the execution of the deed by a grantor and the certificate of acknowledgment by the officer*, while the counsel take no such distinction. The act of the legislature leaves open the question as to the due execution of the deeds, acting only upon the supposed informality of the certificate. It imparts no validity to any right not flowing from the acts of the grantor, *which the act of 1835 recognized* to the letter. Such deeds are assailable in the judicial tribunals the same as those executed and certified in the most approved form. Like the latter, they may be attacked either at law or in chancery, if in fact the wife was defrauded. If the contents of the deed were not made known, if she was coerced, or if she did not in fact make her acknowledgment in the manner prescribed in the statute, the false but formal certificate of an officer would not deprive her of her land, nor would the defective certificate, with the aid of the act of 1835, have any such effect."

In Pennsylvania the courts have gone further, and held, although the deed of a married woman, for want of a proper certificate of acknowledgment, may not have passed her title to land, that it was within the power of the legislature, by a subsequent statute, to validate the instrument and give effect to the intention of the parties. Watson *v.* Bailey, 1 Binney, 476; Barnett *v.* Barnett, 15 S. & R., 72; Tate *v.* Stooltzfoos, 16 S. & R., 37. "Confirming acts are not uncommon; are very useful; deeds acknowledged defectively by *femes covert* have been confirmed, and proceedings and judgments of commissioned justices of the peace, who were commissioned agreeably to the constitution, or where their power ceased on the division of counties until a new appointment." Underwood *v.* Lilly, 10 S. & R., 101.

In the case of Webb *v.* Den, 17 How., 577, it appeared that a party claimed through a deed made by husband and wife, but there was no certificate showing that it had been acknowledged, nor that there was any privy examination of the wife, as required by law.

After the deed was made and recorded, the legislature of the state of Tennessee passed a law which provided "that whensoever a deed has been registered twenty years or more, the same shall be presumed to be upon lawful authority, and the probate shall be good and effectual, though the certificate on which the same has been registered has not been transferred to the register's books, and no matter what has been the form of the certificate of probate or acknowledgment." In disposing of the case, Grier, Justice, delivering the opinion of the court, said: "It is not a 'retrospective law' under the constitution of Tennessee, which the legislature is forbidden to pass. It is prospective, declaring what should thereafter be received in courts as legal evidence of ancient deeds. It makes no exception as to the rights of married women, and the courts can make none. Informalities and errors in the acknowledgments of *femes covert* are those which the carelessness and ignorance of conveyancers were most liable to make, and which most require such curative legislation."

In California prior to April 3, 1863, a married woman could not convey her separate estate by attorney in fact, but at that date an act was passed validating powers of attorney which had prior to that time been executed by them, and confirming all deeds made under such powers.

In a case in which a wife, joined by her husband, in 1857 executed a power of attorney, under which in the same year her attorney in fact, thus created, conveyed real estate, her separate property, it was

held that such legislation was valid, and that title passed by the deed executed under the power given prior to the curative act. Deutzel v. Waldic, 30 Cal., 142.

In disposing of the case the court said: "The act in question does not divest the plaintiff of her title to the land in controversy. On the contrary it gives effect to the contract made by her fairly and in good faith, by which she intended but failed to pass the title to another, merely because the proper legal forms were not observed. The same will which prescribed those forms has said that a non-compliance therewith shall be waived or excused, and the act held valid notwithstanding, and we find no constitutional impediment in the way."

The following cases bear upon the question: Journay v. Gibson, 56 Pa. St., 60; Blount v. The City of Janesville, 31 Wis., 648; Kearney v. Taylor, 15 How., 517; Payne et al. v. Treadwell, 16 Cal., 238; Maxey v. Wise, 25 Ind., 1; Gibson v. Hibbard, 13 Mich., 217; Foster et al. v. The Essex Bank, 16 Mass.; Town of Danville v. Pace, 25 Gratt., 11; Underwood v. Lilly, 10 S. & R., 99.

The question is considered by the following elementary writers of recognized ability: Cooley's Con. Lim., 463–479; Sedgwick on Statutory and Constitutional Law, 198–202; 1 Kent's Commentaries, 456.

In the Ohio cases preceding Chesnut v. Shane a contrary rule was announced to that laid down in that case, and in harmony with these earlier Ohio cases is the case of Alabama Life Insurance Co. v. Boykin, 38 Ala., 511. There are many other cases which deny the power of a legislature to validate deeds otherwise than through an act authorizing an inquiry before some judicial tribunal.

The evidence in this case, however, does not show that the officer before whom the acknowledgment of Mrs. McDonald was made explained the deed to her. This the law required him to do; and the fact that she may have stated to him that she understood the deed, that she could read, and that she and others had talked the matter over before, was not enough. Her understanding of the effect of the deed may have been from misrepresentations made to her by her husband or other persons, or in her own construction of the deed she may have been incorrect. For the protection of married women the law requires the instruments by which they attempt to convey their separate property to be explained to them by the officer who takes the acknowledgment. For this purpose certain officers are designated by the statute. Such persons are presumed to be capable of explaining such instruments, and in this respect they are made the advisers of married women, and, without

an explanation by such officer to the woman making the deed of its contents, the statute has not been complied with and the deed is therefore invalid.

If the certificate is in due form it is conclusive of all the facts stated in it, in the absence of such fraud as would render the deed invalid.

As before said, the statute under which the acknowledgment is sought to be established does not attempt to validate conveyances, when, in fact, the law was not complied with in taking the acknowledgment, but simply gives a new remedy, by which it can be established that the acknowledgment was properly made.

It appearing by the proof in this case that the statute was not complied with in an essential particular, the judgment must be reversed, and such judgment here rendered as the court below ought to have rendered.

Judgment will therefore be here rendered that the appellees take nothing by their suit and that the appellants recover of them the costs of this court and of the court below.

REVERSED AND RENDERED.

[Opinion delivered November 23, 1883.]