# DECEMBER, 1904.

### W. W. GLASS, v. R. A. SHAPARD.

#### Decided December 2, 1904.

**Execution—Failure to Collect—Jurisdiction—Res Adjudicata.**

Plaintiff having been one of three defendants against whom a judgment was rendered, recovered over against his codefendants on his cross-bill in case he had to pay the judgment, which he did, though no execution issued therein until six years afterwards, and then it was addressed to the sheriff or constable of another county in which one of the codefendants had recovered a judgment against another party, to satisfy which a sum of money had been paid into the hands of the defendant in this action, a constable of that precinct. The collection of this execution was resisted on the ground that the judgment was void for want of service and was dormant and a trial in justice court sustained this contention, from which no appeal was taken. Held, that such judgment of the Justice Court was final and the County Court out of which the execution issued could not render judgment against the constable for failing to collect it.

Appeal from the County Court of Brazoria. Tried below before Hon. E. S. Masterson.

*L. J. & W. D. Wilson,* for appellant.—The County Court of Brazoria County had not jurisdiction to render said judgment; and, even if this proceeding is a collateral attack on the said judgment, which it is not, no presumption in favor of said judgment should have been indulged, and said judgment should not have been admitted in evidence. Treadway v. Eastburn, 57 Texas, 213; Withers v. Patterson, 27 Texas, 491; Fowler v. Simpson, 79 Texas, 616; Article 1670, Batt's Texas Civil Statutes; Friedman v. Dockery, 34 S. W. Rep., 766; Parks v. Igo, 4 Texas Civ. App., sec. 11; Wren v. Kirsey, 30 S. W. Rep., 252; Roller v. Ried, 87 Texas, 76; Crain v. Wright, 60 Texas, 515; Simon v. Day, 19 S. W. Rep., 691; Railway Co. v. Hathway, 75 Texas, 557; McCoy v. Crawford, 9 Texas, 353.

*H. MacNicoll,* for appellee.

GARRETT, CHIEF JUSTICE.—This appeal is from a judgment of the County Court of Brazoria County in favor of R. A. Shapard against W. W. Glass, constable of precinct No. 1, Harris County, on a motion for failing to collect an execution. In a suit in said court entitled No. 479, M. T. Burwell v. R. A. Shapard et al., Burwell on June 12, 1897, recovered a judgment against R. A. Shapard, A. L. Towles, and S. S. Bivins and J. H. Shapard and S. M. Jack, the sureties on their appeal bond, for the sum of $99 and interest and costs, and the said R. A. Shapard in a crossbill against Towles and Bivins recovered over against

them for the same amount in the event he should be compelled to satisfy said judgment in favor of Burwell. An execution was issued on said judgment in favor of Burwell against Shapard, Towles and Bivins within twelve months and was satisfied by Shapard. No execution issued in favor of Shapard on the judgment over against Towles and Bivins until March 11, 1903. Execution then issued was addressed to the sheriff or any constable of Harris County and was placed in the hands of the appellant, Glass, as constable, with direction to apply to its satisfaction a sum of money sufficient for that purpose paid into his hands on a judgment in favor of Towles against one O'Donnel, rendered in the Justice Court of said precinct. Towles contended that the judgment of Shapard against him in the Brazoria court was void for want of service and claimed that the money in the hands of Glass should be paid to him. He also claimed that the judgment was dormant and for that reason could not support the execution. Glass held the money to ascertain whether the judgment in favor of Shapard against Towles was invalid, as claimed by the latter, before paying it to either party. Towles thereupon filed a motion in the Justice Court of Harris County against appellant Glass to require him to pay the money over to him as directed by his execution. Glass impleaded Shapard, and on hearing, the court held that the Brazoria judgment in favor of Shapard against Towles was invalid and directed the money to be paid to Towles, which was done. There was no appeal from that judgment and it remains unreversed and in full force. Shapard filed this motion against Glass in the County Court of Brazoria County ignoring the judgment of the Justice Court of Harris County. The appellant among other defenses relied on the judgment of the Justice Court of Harris County as an adjudication of the matter. We think that there can be no doubt about the fact that the disposition of the fund was finally adjudicated between the parties by the judgment of the Justice Court of Harris County. That court had jurisdiction of the matter and the parties were all before it and acquiesced in the result. It can make no difference whether the reason for the judgment was sound or not. It was a valid judgment of the court that rendered it and must control, and as no other judgment ought to have been rendered by the court below than one in favor of the appellant the judgment of that court will be reversed and such judgment here rendered as ought to have been rendered. Appellee's motion to strike out appellant's brief, which was taken with the case, is overruled.

*Reversed and rendered.*