[L. A. No. 9233. In Bank.—November 27, 1928.]

CLARA K. SCHADE, as Executrix, etc., Respondent, v. ADDIE L. STEWART, Appellant.

Matthews & Walter for Appellant.

Hugh A. McNary and O'Melveny, Tuller & Myers for Respondent.

SEAWELL, J.—This appeal is taken from a judgment for plaintiff in an action of ejectment to recover the possession of certain real property in the city of Watts, county of Los Angeles, this state. Plaintiff sued as executrix of the estate of Jennie C. Hurd, deceased. Defendant purchased said real property from said Jennie C. Hurd in 1912, and as a part of the purchase price thereof executed a promissory note payable to decedent, which was secured by a deed of trust covering said real property. Defendant having made default in the payment of installments of principal and interest, plaintiff, as executrix, exercised the option contained in the note to declare the full amount of the indebtedness due, requested the trustee, Title Guarantee and Trust Company, a corporation, to sell the property as provided in said deed of trust and, as executrix, became the purchaser at the sale held. Thereafter, and while the will of Jennie C. Hurd, deceased, was still in course of probate and open to attack, said trustee executed a trustee's deed, naming as grantees the "heirs or devisees of Jennie C. Hurd, deceased." In her will, duly admitted to probate by the superior court of the county of Los Angeles, decedent named the Salvation Army and sixteen natural persons as legatees and devisees.

It is appellant's contention that the deed naming the "heirs or devisees of Jennie C. Hurd, deceased," as grantees, through which plaintiff claims the right of possession in her representative capacity, is void for uncertainty in the designation of a grantee. Appellant argues that such a designation falls under the condemnation of the rule of the common law that a grant to J. S. or W. S. in the disjunctive is void for uncertainty. Respondent's theory is that the effect of the conveyance was to vest title to the property in the same manner as if the deed had been executed to Jennie C. Hurd during her lifetime and said property upon her death had become a part of her estate. That is, respondent asserts, the deed conveys title to the class of persons (who must inevitably be either heirs or devisees) which the probate court by its decree of distribution shall determine are entitled to the said property. That the intent of the grantor and also of the executrix was as respondent contends it to have been, there can be no doubt. The two important questions in the case go to the intent of the parties to the deed and the certainty of giving it effect.

The note secured by deed of trust upon the property in question was an asset of decedent's estate. Real property described in a deed of trust given to secure a note constituting an asset of a decedent's estate, when purchased at a trustee's sale by an executrix acting in her representative capacity, also becomes an asset of the estate, subject to the possession and control of the said representative for purposes of administration. The legal title to such property, in like manner as the title to property owned by decedent at the date of death vests *eo instanti* upon acquisition in those entitled to succeed thereto under the provisions of the decedent's last will and testament, or, in cases of intestacy, in the heirs at law according to the laws of succession. (*State v. Miller*, 149 Cal. 208, 210 [85 Pac. 609]; *Estate of Patterson*, 155 Cal. 626, 637 [132 Am. St. Rep. 116, 18 Ann. Cas. 625, 26 L. R. A. (N. S.) 654, 102 Pac. 941]; *Western Pacific R. Co. v. Godfrey*, 166 Cal. 346, 349 [Ann. Cas. 1915B, 825, 136 Pac. 284]; *Estate of Yorba*, 176 Cal. 166, 169 [167 Pac. 854].) Although the decree of distribution does not create, but only declares, the title which accrued at the moment of decedent's death, or, in the case of after-acquired property, at the date of acquisition, until the title has been thus de-

clared, it is often impractical, if not impossible, to determine the persons in whom it is vested. To require a trustee's deed executed during the pendency of administration, in pursuance of a purchase by the personal representative in her representative capacity, to designate as grantees the specific heirs or devisees in whom title is vested, would often demand a solution of difficult questions of law and fact within the exclusive jurisdiction of the probate court to be settled only by the decree of distribution. By reason of this fact and the further circumstance that property thus vested in heirs or devisees is subject to the representative's right of possession and control for purposes of administration, a designation other than one naming specific persons as grantees is necessary and appropriate.

A deed granting the property to plaintiff, as executrix, or to the estate, naming it, would have been sufficient to vest title in those entitled to succeed to the property. In commenting upon the effect of a deed granting real property to executors, this court, in *Newlove* v. *Mercantile Trust Co.,* 156 Cal. 657 [105 Pac. 971], where the grant was to Joseph H. Newlove and Charles W. Newlove, ''as executors of the last will of said John Newlove, deceased, . . . in trust for all the persons interested in the estate of said John Newlove, deceased, according to their respective interests therein,'' said:

''We are satisfied that it must be held, in view of the deed made by Kaiser to the executors of the will of John Newlove subsequent to his death in execution of the agreement of sale, that the Newlove Ranch must be treated as part of the property of deceased at the time of his death. . . . As we have before said, the effect of the conveyance of the Newlove Ranch by Kaiser to the executors of the will of John Newlove was to vest a legal title to the property in the same manner as if the deed had been executed prior to the death of John Newlove. The property was thenceforth, if not before, a part of his estate, and plaintiff had a legal title to an undivided one-twelfth, subject to the possession of the executors for purposes of administration.''

It is to be observed that under such a deed title is declared to vest not in the personal representative named as grantee, but in those entitled to succeed to the property, either by virtue of decedent's will or the laws of succession, whose identity is not legally determinable until the decree

of distribution shall have been entered. The circumstances of the situation admit of no greater definiteness in the ascertainment of a grantee. It is not declared, either in *Newlove* v. *Mercantile Trust Co., supra,* or in any other case brought to our notice, that a grant to the personal representative is the sole way in which title may be conveyed to those entitled to succeed as heirs or devisees. Any language which indicates such an intent with reasonable certainty is sufficient.

In *Arnett* v. *Fairmont Trust Co.,* 70 W. Va. 296 [73 S. E. 930], the testatrix's will contained the following provision: "If any money left after distribution let it be return to *the estate of C. W. Arnett.*" C. W. Arnett was testatrix's predeceased husband. The court interpreted the provision as vesting the property in the individual who succeeded to title to the property of C. W. Arnett upon his death, which in the state of West Virginia was the executor of his estate, to be taken, held and administered by said executor as a part of the estate of said Arnett and distributed as the terms of his will directed. (See, also, *McKee* v. *Ellis* (Tex. Civ. App.), 83 S. W. 880.) In *Hill* v. *Jackson* (Tex. Civ. App.), 51 S. W. 357, the grantees were named as "the heirs of John Jackson and Sabina Jackson (or whoever under the law is entitled to take the same)." The designation was held sufficient. In *McKee* v. *Spiro,* 107 Mo. 453 [17 S. W. 1013], a deed to "the heirs and legal representatives, whether under her last will and testament or by inheritance of her, Evelina J. Sharp, deceased," was upheld, and in *Webb* v. *Den,* 58 U. S. (17 How.) 576 [15 L. Ed. 35, see, also, Rose's U. S. Notes], a deed to the "legatees and devisees of Anthony Bledsoe, deceased," was held to be sufficient on the ground that it necessarily referred to the will of said Bledsoe to ascertain the persons who were legatees and devisees. So in the instant case, a reference to the will, if it were not set aside, would make certain the class of persons who were to take as grantees, and if the will were set aside, the laws of succession to property in cases of intestacy (Civ. Code, secs. 1383–1405) would make certain those entitled to take.

The above-cited decisions are illustrative of a tendency on the part of the courts to give effect to the obvious intention of a person as revealed by the language of the deed interpreted in the light of the circumstances which

most probably influenced the conduct of the person whose purpose or intent is the subject of inquiry. The deed in the instant case, executed by the Title Guarantee and Trust Company, a corporation, and conveying the real property therein described to the "heirs or devisees of Jennie C. Hurd, deceased," recites the execution of said note and deed of trust made in favor of Jennie C. Hurd, since deceased; the default of the maker of the said deed of trust and note; the exercise of the option to declare the full amount of the indebtedness due by the executrix; the sale, pursuant to notice duly given, of the property embraced in the deed of trust to the parties of the second part ("the heirs or devisees of Jennie C. Hurd, deceased"), and the conveyance of said property "unto the said parties of the second part herein, their heirs or assigns forever." We think the deed thus indubitably furnishes intrinsic evidence of an intent to convey to heirs if the probate court should thereafter determine the property to have vested in heirs and to devisees if the probate court should determine said property to have vested in devisees pursuant to the last will and testament of decedent. In brief, it was the intention of the grantor to augment the estate of Jennie C. Hurd, deceased. This construction is strengthened by a consideration of the circumstances of the transaction, which conclusively show that such should have been, and in fact was, the object of the parties. A delivery of the deed to plaintiff as executrix vested title in the persons entitled to succeed to the property. It was but the natural, logical, and just effort to return the title back into the stream from which the deed from decedent to defendant diverted it.

The case of *Hogan* v. *Page*, 2 Wall. (69 U. S.) 605 [17 L. Ed. 854], furnishes a helpful analogy. It is there stated that a difficulty had occurred at the land office in respect to the form of patent certificates and patents, arising out of applications to have them issued in the name of an assignee of the original grantee, thereby imposing upon the office the burden of inquiring into the derivative title presented by the applicant. As a result a formula was adopted of issuing the patent to the original grantee "or his legal representatives." The formula was held to embrace representatives of the original grantee in the land by contract, such as assignees or grantees, as well as by operation of law, and

to leave the question open to inquiry in a court of justice as to whom the certificate, patent or confirmation should inure.

In *Ready* v. *Kearsley*, 14 Mich. 215, a deed to "S or his heirs" was upheld. The court, in an opinion written by the eminent Mr. Justice Cooley, said:

"The deed is to Stewart or his heirs; and it is supposed to fall under the condemnation of that rule of the common law, that a grant made to J. S. or W. S. in the disjunctive, is void for uncertainty [citing authorities].

"It is evident, however, that the reason upon which the case instanced rests, does not apply to this deed. A grant to J. S. or W. S. is void from the manifest impossibility of determining which shall take when the grantor has failed to express his intent. But no such difficulty can arise in the case of a grant to J. S. or to his heirs. If J. S. is living, he has no heirs; and no two parties can claim adversely as grantees under the deed. The manifest intent here was to vest the title in Stewart, if living *and in his heirs or devisees, if he were then dead.* Conveyances in this form by public officers or boards have not been uncommon, for the reason that such conveyances are usually made at a period subsequent to that when the right to the conveyance accrued; and it is not always known when the deed is made, that the party entitled is living."

By applying the reasoning adopted by Mr. Justice Cooley in the above-quoted excerpt to the concrete facts of this case no uncertainty is left to cloud the situation. "That is certain which can be made certain." (Civ. Code, sec. 3538.) The will makes absolute disposition of all decedent's property to certain named devisees and legatees. If the will is valid the question of heirship would not arise. If, on the other hand, the will should be held to be invalid, the question of devisees or legatees would not be in the case. It is certain that the fixing of the status of one class would eliminate the other as distributees of the estate. The common-law rule that a deed to "J. S. or W. S." is void for uncertainty cannot rule the decision in the instant case. In the former case there was no method by which the grantor's intent could be discovered. In the instant case no such irremediable uncertainty exists. But even the common-law rule of strict construction as applied to deeds has been greatly relaxed or modified in this state by statutes and

judicial decisions, with a view of effecting the grantor's intent as shown by extrinsic circumstances pertinent to that issue. Authorities are numerous on this point. It is not, however, intended by this decision to depart from the rule of the common law in proper cases, but to withhold a strict application with respect to cases like the present one, wherein a good and sufficient reason appears upon the face of the transaction for so doing.

Respondent calls upon us to keep in mind the far-reaching effect that a decision adverse to that rendered by the trial court would have upon title as affecting many persons and unsettling vast property rights. It is claimed that it is, and for many years has been, the practice of the large title companies of this state to make deeds in the form of the one here in question; that this practice is not limited to the state of California, but obtains in other states. From what has been said it is not necessary to decide whether courts will take judicial notice of such a practice or usage on the theory that they ought to take notice of the "due course, rules and forms of business." Sections 1452 and 1581 of the Code of Civil Procedure, wherein "heirs" and "devisees" are coupled with the disjunctive "or," as in the deed before us, are cited by respondent as buttressing her claim that the phrase "heirs or devisees," as used in the code, has exactly the same relative meaning as those words were used and intended to be used by the grantor in the deed before us for construction. The suggestion adds support to the view already expressed. (*Ready* v. *Kearsley, supra.*)

■ The property being subject to the control and possession of the plaintiff as executrix in the same manner as real property vested in decedent at the date of her death, the plaintiff was a proper party to bring the action, and the joinder of heirs and devisees was not required. (Code Civ. Proc., sec. 1582.)

The judgment is affirmed.

Richards, J., Langdon, J., Curtis, J., Preston, J., and Waste, C. J., concurred.

SHENK, J., Dissenting.—I dissent. There are two ways by which title to real property may devolve. One is by operation of law and the other is by an instrument in writing

(sec. 1091, Civ. Code). The devolution here attempted was by an instrument in writing which was voluntary. In such case the party who is to take as grantee must be sufficiently ascertained by the writing itself, or it is a nullity. (*Rixford* v. *Zeigler*, 150 Cal. 435 [119 Am. St. Rep. 229, 88 Pac. 1092].) The general rule that a deed to "J. S. or W. S." would be void for uncertainty is not questioned. Here the deed runs to the "heirs or devisees." It must be assumed that there may be heirs who are not devisees and likewise that there may be devisees who are not heirs. If A and B are heirs and not devisees and C and D are devisees and not heirs, a conveyance to "A and B or C and D" would seem to me to be fatally uncertain as to the parties grantee. Furthermore, to constitute a delivery of a voluntary conveyance there must not only be delivery by the grantor but an acceptance by the grantee. (*Bank of Healdsburg* v. *Bailhache*, 65 Cal. 327 [4 Pac. 106] ; 9 Cal. Jur., p. 149.) Who is to accept the conveyance here involved? Neither of the designated classes would act for the other. Their interests may be adverse. The analogy between the effect of this deed and the passing of title to the "heirs or devisees" by operation of law is by no means satisfactory. In the one case the law requires the voluntary act of the grantor to designate his grantee, who must be a natural or an artificial person capable of taking title and this designation must be certain. In the other case the law designates the repository of the title of deceased persons subject to administration. The one is a matter of contract among the incidents of which is certainty of contracting parties. The other is a matter of legislative control unrestrained by contract or by constitutional provision safeguarding the contractual relation. Without something further in the designation of the grantees herein I fail to see how the title vested in them, if it be vested, may be disturbed by creditors of the estate who would be privileged to resort to the property to satisfy their claims if the title had been taken by the representative of the estate subject to administration. If they take at all they take by means of a voluntary conveyance from a third party, not subject to administration, or in a representative capacity, but as persons *in esse*. When the deed is recorded section 4132 of the Political Code requires the recorder to index the "Names of Grantees." This is impossible in the case of

this deed, for the grantees are unnamed, are in the disjunctive, and no means are provided in the instrument itself for their determination except by a lawsuit or other court proceeding. This, to my mind, is neither authorized nor contemplated by our law governing the voluntary transfer of title to real property.