[Civ. No. 16808.   Second Dist., Div. Two.   Mar. 21, 1949.]

CATHERINE C. MOOTS, Respondent, v. ELSIE KASTEN,
Appellant.

James M. Gammon for Appellant.

William A. Monten and John A. Ellis for Respondent.

MOORE, P. J.—Appeal from a judgment in favor of plaintiff awarding her an easement 9 inches in width over appellant's property alongside respondent's driveway which extends from the garage in the rear of her house to the street.

Appellant and respondent own and occupy adjacent properties on North Harvard Boulevard in the city of Los Angeles. Both lots face west and respondent's property lies to the north of that of appellant. The concrete driveway extends along the lot line and is entirely upon respondent's land. The south wall of her residence is approximately 1 foot from the north edge of her driveway with the exception of a chimney which protrudes from the wall to the driveway. The distance from the chimney to the southernmost edge of the driveway is approximately $78\frac{1}{4}$ inches.

In August, 1946, appellant erected a cement wall 3 to 5 feet high from approximately the front of her house rearward to the front of respondent's garage. The wall was entirely upon and approximately 1 inch inside of appellant's property. The construction of the wall resulted in a net clearance of $79\frac{1}{4}$ inches between respondent's chimney and appellant's wall.

After the erection of the wall respondent commenced the instant action alleging that an easement by prescription, appurtenant to her premises, had been acquired by virtue of the fact that portions of the running boards and fender parts of respondent's automobile and of those of her visitors had extended over the imaginary line between the two properties during the period necessary for the acquisition of an easement. The court after full hearing personally viewed the premises, made findings and entered judgment that respondent "is the owner of an easement appurtenant . . . for a right of way over" 9 inches of appellant's property abutting respondent's driveway and extending from the street to the rear of respondent's house. The court also ordered appellant to remove her wall, enjoined its reerection and awarded respondent $168 damages.

Appellant contends that the evidence does not support the finding of adverse user. The pertinent finding is as follows:

"Before the wall was constructed, automobiles using the driveway were driven along the extreme south side thereof to avoid contact with the chimney of plaintiff's house, and in being so driven a portion of the automobiles, approximately nine inches in width, *of necessity* extended over the property of defendant although the wheels of the cars remained on plaintiff's driveway." (Emphasis added.)

Before discussing the more serious aspects of the assignments of error it is to be observed the court found that (1) prior to the construction of the wall motorcars driven upon the driveway proceeded along the extreme south side thereof to avoid contact with respondent's chimney, thereby causing a portion of such automobiles, about 9 inches in width, to extend over appellant's property; (2) after the wall had been completed the space between respondent's chimney and the north side of the wall was 79¼ inches, leaving 2½ inches clearance on each side of a full-size, standard vehicle placed equidistant from the chimney and the wall; (3) the wall serves no purpose except to close the driveway; (4) it was erected for that purpose and was done with malice; (5) a strip 9 inches in width along the northerly side of appellant's lot is necessary for respondent's ingress to and egress from respondent's garage. In the absence of allegation and evidence that a 9-inch strip is necessary to plaintiff's enjoyment of her property and that such area has been used by plaintiff for five years, there is no support for the finding or of the judgment awarding respondent the 9-inch strip from the street to the garage. There is no reason expressed in the judgment roll why respondent should require the use of any part of appellant's land with the possible exception of the area opposite the chimney. But these errors pale in contrast with the judgment's violations of more serious and elemental rights as will now be demonstrated.

An easement is an interest of a landowner in the land of another, an incorporeal right which entitles its owner to use or enjoy the other's land. (*Eastman* v. *Piper*, 68 Cal.App. 554, 568 [229 P. 1002] ; *Zlozower* v. *Lindenbaum*, 100 Cal.App. 766, 771 [281 P. 102] ; Rest., Property, § 450.) An easement appurtenant attaches to the land of the owner of the easement. An easement by prescription may be acquired by user for five years, but the following elements must be shown: open and notorious user, continuous and uninter-

rupted; hostility to the true owner, communicated to him; and it must be exclusive and under claim of right. (*Thomas* v. *England,* 71 Cal. 456, 460 [12 P. 491]; *Pacific Gas & Electric Co.* v. *Crockett Land & Cattle Co.,* 70 Cal.App. 283, 290 [233 P. 370]; *Grimmesey* v. *Kirtlan,* 93 Cal.App. 658, 665 [270 P. 243]; *Bernstein* v. *Dodik,* 129 Cal.App. 454, 458 [18 P.2d 983]; 20 Cal.L.Rev. 432; 32 Cal.L.Rev. 438; 15 So. Cal.L.Rev. 44; Rest., Property, § 457 et seq.)

■ The only evidence found in the record which might be urged as supporting the finding that appellant's property was adversely used for five years, is the testimony of respondent's mother as to her daughter's automobile:

"A. Well, it went in and out, to lap over an inch or two, I presume.

"Q. How do you know it lapped over?

"A. Because I could see for myself," and "I know it had to lap over the side of the drive, I have seen that."

Concededly, many automobiles used respondent's driveway, but before the erection of the wall the width of the driveway was sufficient to permit its use without any trespass. Therefore, evidence of actual trespass would be necessary to a finding of adverse user. The evidence established that the wheels or tires of automobiles had not left respondent's cement driveway. Because of its narrowness the witnesses concluded that there must have been overlap by fenders or bumpers, but excepting the quoted testimony of Mrs. Cregan no witness testified that he had actually seen an automobile overhang appellant's property. She *presumed* there had been an overlap of an inch or two and that "it had to lap over," because she "could see for herself." Similarly, other witnesses testified that they had used *respondent's* driveway or had seen others use it. But no one testified that in using the driveway he had encroached upon appellant's property or had witnessed another do so. Such dearth of evidence is fatal to a finding of adverse user.

■ The judgment is subject to another fatal objection. The instant action was predicated upon the allegation that "in passing to and from over said driveway . . . it has been necessary that portions of the running board and fender parts . . . extend over an imaginary vertical plane up from the line between the two said properties." In response thereto the court found in effect that in order to use respondent's driveway it was *necessary* that portions of automobiles trespass over appellant's property. Such a finding demonstrates

the error of the judgment. No duration of the use of another's land arising from the user's necessity can ripen into an easement by prescription so long as the necessity continues. Therefore, the time when the prescriptive right commences to run is "not earlier than the cessation of the right by necessity." (*Martinelli* v. *Luis*, 213 Cal. 183, 184 [1 P.2d 980].) Since a way of necessity is by right of implied grant and not adverse, the statute of limitations will not commence to run until the necessity ceases. It follows that there was no basis for an award of the easement to respondent or for the injunctive relief or for damages.

The judgment is reversed with instructions to enter a decree in favor of defendant.

McComb, J., and Wilson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 19, 1949. Carter, J., voted for a hearing.