[Civ. No. 20875.   Second Dist., Div. Two.   Dec. 2, 1955.]

CARL WHITSON et al., Appellants, v. HECTOR GOUDESEUNE et al., Respondents.

---

*Assigned by Chairman of Judicial Council.

446

Desmond & Desmond for Appellants.

Robert E. Krause for Respondents.

FOX, J.—By their amended complaint plaintiffs seek, *inter alia,* a declaration that defendants as the owners of Lot 3, Tract No. 13567, in the city of Long Beach, do not have a right of way easement along the rear of Lots 12 and 13 which are owned by plaintiffs. They also seek, in the event the easement is established, a determination of the proper proportion of the expense of maintaining it in good repair that should be borne by each of the parties.

. The trial court found that a valid easement existed but declined to apportion the expenses of its upkeep. Plaintiffs appeal. We have concluded the decision of the trial court is correct on both aspects of the case.

Prior to 1949 there was an "easement for driveway purposes" running easterly from Loma Avenue along and over the rear portions of Lots 15, 14, 13 and 12. It also crossed Lot 3, where it ended. This easement had been used for years by Mrs. McQueston who owned the latter lot. The easement, however, was only 10 feet wide. An easement five feet wider was desired. This extra width was proposed to be taken from Lots 1 and 2 lying to the north of the other lots. As a means of accomplishing this result, the owners of the old easement executed a deed to eliminate it. This instrument was signed by Mrs. McQueston, who owned Lot 3, and the other owners. As a part of the same transaction the owners of Lots 1 and 2 and Lots 12 to 15, inclusive, executed an Easement Deed "for the purpose of creating and establishing an easement for driveway purposes with right of ingress and egress over and across the strip of land hereinafter described for the common benefit of all of the lots or portions above referred to and lot 3 of Tract 13567 . . ." and "hereby grant . . . to each and every other party hereto and to the present owners of said lot 3 and their and each of their successors in the ownership of said lots or portions of lots an easement for the purposes aforesaid over said strip of land to the end that said easement shall be used and enjoyed in common by said owners and their successors."

It is clear, of course, that the language of the deed is adequate to convey an easement and discloses an intention to make the easement appurtenant to Lot 3, thus entitling the owner of this lot to the use and enjoyment thereof. (*Moots* v. *Kasten,* 90 Cal.App.2d 734, 736 [203 P.2d 537].)

Since the easement is appurtenant to Lot 3 it follows the ownership of this lot "into whomsoever's hands the same may come." (*Currier* v. *Howes,* 103 Cal. 431, 436 [37 P. 521].)

Plaintiffs contend that defendants do not have a valid easement because the owner of Lot 3 was not named in the easement deed. Their position, however, is not well founded. In *Carlson* v. *Lindauer,* 119 Cal.App.2d 292, 306 [259 P.2d 925], the court stated, "It is not necessary that a grantee in a deed be mentioned by name. If the designation or description is sufficient to identify the person or persons intended, the deed is effectual." (*Schade* v. *Stewart,* 205 Cal. 658 [272 P. 567].) "That is certain which can be made certain." (Civ. Code, § 3538.) In the Carlson case the caption of the deed recited that it was between Union Oil Company, First Party, and "Lucy Lindauer hereinafter referred to as

'Owner,' whether one or more, Second Party.'' Union then proceeded to release and quitclaim ''unto owner, its heirs, successors and assigns, all of its right, title and interest in and to'' certain described land. At the time Union executed this indenture Lucy Lindauer had passed on. It was held that ''The designation of the grantee in the operative clause of the deed as 'Owner, its heirs, successors and assigns' was sufficient to pass title to the then owner of the estate in the surface, although Lucy was dead at the time.'' (*Schade* v. *Stewart, supra.*) The court further pointed out (p. 308): ''There is no doubt but that Union intended a conveyance, and that it had in mind some person or persons to whom title to the estate in the oil and gas shall pass . . . The deed conveyed the estate in the oil and gas to the record owner of the estate in the surface.'' In the instant matter the deed granted an easement over the described property to the owners of Lot 3 and their successors. It is thus clear from the foregoing authorities that the deed in question conveyed an easement over the described property to the owners of Lot 3 and that defendants as the successors of such owners have the use and enjoyment thereof.

Plaintiffs rely on *Osterberg* v. *Osterberg*, 68 Cal.App.2d 254 [156 P.2d 46]. That case is not inconsistent with our holding here. It simply says that a deed which does not contain the name of the grantee, i.e., the space for the designation of the grantee is blank, and there is ''no sufficient identification of the party to whom the property is to be conveyed,'' is a nullity (p. 264). Here there is ''sufficient identification'' of the persons to whom the easement is granted, viz., the owners of Lot 3 and their successors. The grant of the easement contained in the deed here in question is therefore effectual under the authorities previously cited.

Plaintiffs' remaining complaint on appeal is that the trial court, having found that defendants held a valid easement over their property, should have apportioned the cost of maintaining the easement between the parties. The refusal to make the apportionment was based on the finding that ''there are other parties served by the easement who are not before the court, particularly the owners of Lot 2, who are also served by said easement.'' This is obviously an adequate reason for the court's position, for all those who enjoy the use of the right of way should share in its maintenance. But, of course, those who were not before the court would not be bound by any such order or judgment. Consequently any

effort to fix the amount of each user's assessment would be abortive. Section 1061, Code of Civil Procedure, supports the action of the trial judge. It provides that "The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not . . . proper at the time under all the circumstances." The absence of parties necessary to enable the court to make a complete determination of their respective obligations, and thus completely resolve the controversy, constituted a reasonable basis for the trial court's refusal to make the requested apportionment.

Plaintiffs point to Civil Code, section 845, which provides that in the absence of an agreement the cost of maintaining such an easement should be shared proportionately to the use made of it by each owner. Plaintiffs have failed, however, to follow the procedure prescribed therein for apportionment of such costs. It is to the effect that any owner may apply to the superior court for the appointment of an impartial arbitrator to apportion these costs. If the arbitration award is not accepted by all the owners, the court may determine their proportionate liability. The section further provides that if any owner of an easement fails, after demand in writing, to pay his proportion of the expense, action may be brought against him for contribution. None of these provisions of section 845 was complied with. Plaintiffs, therefore, cannot complain that they were not granted relief under that section.

The judgment is affirmed.

Moore, P. J., and Ashburn, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.