CYRENA LEACH AND C. M. LEACH v. A. E. DODSON.

(Case No. 5295.)

1. EVIDENCE.— When the Christian name of a grantee is left blank in a deed, evidence *aliunde* can be introduced to identify the grantee. See the opinion for evidence of identification held not sufficient.
2. CUSTODIAN.— The records of a Masonic lodge are admissible to prove the action of that body in adopting a deed made by one of its officers; and it being proven that there was no secretary, and the lodge records being produced from the lodge room by the presiding officer, the acting secretary being sick, they were properly admitted as evidence.
3. DEPOSITION — PRACTICE.— Attention again called to the fact that objections to the form and manner of taking depositions should be presented in writing before the trial, or they will not be considered on appeal.

APPEAL from Cooke. Tried below before the Hon. D. E. Barrett, Special Judge.

Suit was filed in the district court of Cooke county by appellee, alleging that the plaintiff was the owner of lot No. 5, in block No. 9, in Hahn's addition to the city of Gainesville, claiming under a regular chain of transfers from the defendant, Cyrena Leach, formerly Cyrena Rowland.

That on the 9th day of February, 1863, the defendant, Cyrena Leach, being seized and possessed of about four hundred acres of land, situated in and adjoining the city of Gainesville, and being the same land on which is situated the above described lot, sold and conveyed the tract to J. G. Moss and W. L. Fletcher, for a valuable consideration then and there paid to her, being $2,000 in cash, and was joined in the conveyance executed by her to them by her husband, James O. Rowland. That Cyrena Leach properly acknowledged the execution of the deed before Lemuel Gooding, county clerk of Cooke county, but that he, in writing the certificate in the deed, failed to state therein that the contents of the deed were fully

explained to Cyrena Leach by him, and praying that the certificate be corrected by judgment of the court, in accordance with article 4353 of the Revised Statutes of the state of Texas.

Defendant answered excepting generally and specially, and denying the allegations of plaintiff's petition, and especially denying that the deed was acknowledged by her before Lemuel Gooding, county clerk, or any one else, at the date charged in the petition, or at any other time.

On the 6th of March, 1884, the case came on for trial before special judge D. E. Barrett, the presiding judge being disqualified to sit. Verdict and judgment for the plaintiff correcting the acknowledgment and establishing the deed.

Among the assignments of error were the following:

3d. The court erred in overruling defendant's motion to strike out the deed from Wm. Peevy to —— Hale.

4th. The court erred in admitting in evidence the deed from the Masonic lodge of Gainesville, No. 210, by A. E. Dodson, senior warden and acting worshipful master, to H. Huber.

5th. The court erred in permitting plaintiff to ask each of the witnesses, W. L. Fletcher and J. G. Moss, leading questions, as shown in bill of exceptions No 5.

6th. The court erred in permitting the witnesses, W. L. Fletcher and J. G. Moss, to state, over objection by defendants, that Lemuel Gooding, the officer who took the acknowledgment of Cyrena Rowland to the deed, explained the contents of the deed to her; and in not requiring the witnesses to state what Lemuel Gooding said to Cyrena Rowland at the time.

8th. The eighth assignment brings before us some remarks made by plaintiff's counsel in the hearing of the jury, while counsel for defendants was presenting his case to the jury, as presented in bill of exceptions No. 6.

*A. J. Peeler*, *E. A. Blanton* and *Geo. L. Hill*, for appellants, on the omission of Hale's Christian name, cited: Tiedeman. on Real Property, sec. 798; Washburn on Real Property, sec. 566, vol. 3; Jackson v. Corey, 8 Johns., 388; Hornbeck v. Westbrook, 9 Johns., 74; Muskingum Turnpike v. Ward, 13 Ohio, 120; Morse v. Carpenter, 19 Vt., 615.

On the admission of the deed made by the Masonic lodge, they cited: Hornbeck v. Westbrook, 9 Johns., 73; Jackson v. Corey, 8 Johns., 385; Owens v. Missionary Society, 14 N. Y., 380; Baptist Association v. Hart, 4 Wheat., 1; Bundy v. Birdsall, 29 Barb., 31;

Austin *v.* Shaw, 10 Allen, 552; Brown *v.* Combs, 29 N. J. L., 36; Tunstall *v.* Wormley, 54 Tex., 476.

On leading questions, they cited: Tinsley *v.* Carey, 26 Tex., 350; Davis *v.* State, 43 Tex., 189; 1 Whart. Ev., sec. 499; H. & T. C. R. R. Co. *v.* Smith, 52 Tex., 178.

On side bar remarks, they cited: Rules for Dis. Ct., Nos. 39 and 40.

*H. E. Eldridge, Potter & Hughes* and *Davis & Garnett,* for appellee, on the introduction of the deed, cited: Greenl. on Ev., vol. I, sec. 435; Rector *v.* Hudson, 20 Tex., 237. On side bar remarks, they cited: R. S., art. 1358; Richardson *v.* Ship Havre, 4 Fed. Rep., 748.

DELANY, J. COM. APP.— One of the links in the plaintiff's chain of title was a deed from Wm. Peevy to —— Hale, dated October 2, 1871.

This was followed by a deed from one C. P. Hale to Jasper Fields, dated September 19, 1872.

The defendants objected to the deed to —— Hale, because it did not show who was intended as the grantee. This was overruled.

When the testimony was all in, the defendants moved the court to strike out the deed to —— Hale, because the evidence did not show that he was the same person who afterwards, under the name of C. P. Hale, executed the deed to Jasper Fields.

This motion was overruled, and the defendants reserved a bill of exceptions.

Where the Christian name of the grantee in a deed is left blank, there can hardly be a doubt that evidence *aliunde* is admissible to identify the grantee. 3 Washb. Real Prop., 4th ed., p. 264; Fletcher *v.* Mansur, 5 Ind., 269.

In the case just cited from Indiana, it appeared that the Christian name of the vendor had been left blank by mistake, and it also appeared that he had possession of the deed.

But here the evidence of the identity of C. P. Hale and —— Hale is extremely meagre.

The witness introduced to prove it was Geo. F. Peevy. He says: "I knew C. P. Hale during the war. After the war he built a house for my father; about 1871 or 1872. My father had some dealings with C. P. Hale. He lived at father's house a long time."

Now if it were proven that this witness, Geo. F. Peevy, was the son of William Peevy, who made the deed to —— Hale, there might

be a reasonably fair conjecture that the two Hales were in fact one and the same person. But it is not shown that the witness was the son of William Peevy.

Better evidence than this ought to have been produced; and it is easy to believe that it could have been found if any effort had been made.

The court erred, we think, in overruling the motion to strike out the deed.

The fourth assignment questions the ruling of the court in admitting in evidence the deed from the Masonic lodge of Gainesville to H. Huber.

The deed was executed by E. A. Dodson, senior warden and acting worshipful master. When it was offered in evidence objection was made on the ground that it did not appear that Dodson was authorized to act in the premises.

But the court overruled the objection because it appeared from the records of the lodge that the deed had been recorded in the minutes of the lodge, and the minutes adopted by the body.

Objection was then made to the admissibility of the record book:

1st. Because it was not produced by the proper authority or custodian.

2d. Because it was not proven by the person shown to be the proper custodian.

It was proven that there was no secretary, and the book was produced from the lodge-room by the presiding officer, the acting secretary being sick.

In our opinion the evidence was properly admitted.

As a general rule books of this sort, which are not required by law to be kept, are not admissible in evidence to prove facts which are susceptible of proof in the ordinary way.

For instance, it was held that an Odd Fellows' minute book was not admissible to prove the age of a member. Ins. Co. v. Schwenk, 94 U. S., 593; 1 Whart. on Ev., sec. 639.

But the book was produced in the present case, not to prove extraneous facts, but to show the action of the body itself. And of that fact it was the proper evidence.

Counsel for appellants insist here that, as the lodge itself was not proven to have been incorporated, it could not take or hold the property which had been conveyed to it. But we do not think that this question arises upon the record, and we express no opinion upon it.

The fifth and sixth assignments may be considered together.

The deed from Cyrena Rowland and her husband bears date February 9, 1863.

It purports to have been acknowledged by Cyrena on that day before Lemuel Gooding. It purported to convey the land in dispute to W. C. Fletcher and J. G. Moss. The certificate of Gooding was defective in this: It did not show that he had explained to Mrs. Rowland the contents of the deed.

This suit was brought to correct the certificate. It was brought after the death of Gooding. And the only witnesses relied on to correct the certificate were Fletcher and Moss, the vendors named in the deed.

Under these circumstances the plaintiff asked the witnesses, " If Lemuel Gooding . . . explained to Cyrena Rowland, at the time she acknowledged said deed, the contents thereof ? "

The defendants objected to the questions because they were leading, and because they permitted the witnesses to state conclusions instead of facts. The question is certainly open to the objections made. But it seems to be now settled that objections like this go to the manner and form of taking depositions, and hence should be made in writing before the trial commences. R. S., art. 2235 ; Mills v. Herndon, 60 Tex., 353, and cases cited on p. 358.

In signing the bill of exceptions, the presiding judge makes this explanation :

" That witnesses do not seem to remember, after this lapse of time, all that was said ; and it was necessary to call their attention to the transactions for the purpose of enabling them to say whether or not they transpired."

These words suggest the serious difficulties which courts must often encounter in cases arising under this statute. R. S., art. 4353.

The subject is one of the utmost importance. We express no opinion upon the wisdom or policy of the statute.

But certainly no court ought to enter up such a decree unless the recollection of the witnesses is clear and explicit, and the whole evidence entirely satisfactory — such in fact as would authorize a court of equity to correct a written contract upon the ground of mistake. Story's Eq. Jur., sec. 157.

In the progress of the trial, while one of the counsel for defendants was addressing the jury, plaintiff's counsel spoke thus to him in the hearing of the jury :

" Do you know that I examined this title in 1873, and that Lemuel Gooding said to me that he would make affidavit that he explained the contents of the deed to Cyrena Rowland."

This was made one of the grounds of the motion for a new trial; and in our opinion the new trial should have been granted.

The judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted May 22, 1885.]