## George E. Downs v. W. W. Peterson et al.

Decided January 29, 1907.

**1.—Married Woman—Defective Acknowledgment.**

The deed of a married woman to which the certificate of acknowledgment is defective is not void if it was in fact acknowledged by her in the manner required by the statute, and by timely suit for that purpose the certificate may be corrected and made to conform to the facts.

**2.—Same—Evidence to Correct.**

The certificate of acknowledgment of a married woman was defective in that it failed to show that the instrument was explained to her by the officer; the officer testified, in substance, that he had no specific recollection of the transaction, but believed that in taking the acknowledgment he complied with all the requirements of the statute. Held, insufficient to show that the instrument was in fact explained to the married woman by the officer.

Appeal from the District Court of Hardin County. Tried below before L. B. Hightower.

*Cobbs & Hildebrand,* for appellant.—A certificate of acknowledgment may be corrected by parol testimony after the expiration of four years from its date by the defendant in an action for the recovery of the land. Arts. 4663, 4664, 4665, Revised Statutes of Texas, 1895; Johnson v. Taylor, 60 Texas, 365; Interstate Building and Loan Assn. v. Goforth, 94 Texas, 259; Pegram v. Owens, 64 Texas, 475; Williams v. Ellingsworth, 75 Texas, 482; Oldham v. Medearis, 90 Texas, 506; Norton v. Davis, 83 Texas, 37; Rutherford v. Carr, 87 S. W. Rep., 815.

Where there is no dispute in the evidence, very slight evidence is necessary for the establishment of any fact. Missouri Pac. Ry. Co. v. Bartlett, 81 Texas, 44; Heiligman v. Rose, 81 Texas, 224; Henslee v. Henslee, 24 S. W. Rep., 321; Ridgell v. Reeves, 2 Texas Ap. Civ., 386; Scott v. Pettigrew, 72 Texas, 329; McBride v. Banguss, 65 Texas, 177; Reliance Lumber Co. v. White, 38 S. W. Rep., 391.

*Denman, Franklin & McGown, Lanier & Martin* and *Taliaferro, Nalle & Dies,* for appellees.

PLEASANTS, Associate Justice.—This is an action of trespass to try title brought by Caroline Peterson and others as heirs of Thomas H. Lewis, deceased, against the appellant, George E. Downs and others, to recover the Thomas H. Lewis league of land situate in Hardin County. Clarence B. Leonard and others, heirs of Rosalia L. Leonard, deceased, intervened in the suit claiming an undivided one-third of the league. The defendant George E. Downs claimed this Leonard one-third interest under a deed from Rosalia L. Leonard and husband by their attorney in fact, John W. Leonard. The answer of this defendant to the petitions of plaintiff and interveners in addition to general and special exceptions and a plea of not guilty contains the following allegations:

"Further answering, this defendant says that he is the owner in fee of a one-half undivided interest in the league of land sued for herein, but as to all the other parts of said land he here now disclaims.

"**This** defendant further represents that according to his information and belief that interveners herein are claiming title to this land by reason of the fact that this land was the separate property of the wife of R. H. Leonard by reason of a certain deed executed by said R. H. Leonard to his wife, R. L. Leonard, of date the — day of April, A. D. 1887. That said R. H. Leonard and wife sold said land by their duly authorized attorney and agent in fact, J. W. Leonard, to B. F. Van Meter, as shown by a deed dated on the 29th day of October, A. D. 1881.

"This plaintiff (defendant?) represents that on information and belief the interveners herein being heirs of R. H. Leonard claim that the certificate of acknowledgment of the officer before whom the power of attorney by R. H. Leonard •and wife to J. W. Leonard, of date the 13th day of October, A. D. 1880, is defective, in this: That the officer fails to certify that the said instrument was fully explained to the said Mrs. R. L. Leonard.

"This defendant represents that said instrument was acknowledged before W. F. Gilbert, a notary public of Jefferson County, Texas, and that said notary did explain said instrument to the said Mrs. R. L. Leonard, and that if the certificate does not show same, it was an oversight on his part and one that this court will correct.

"Wherefore, this defendant prays that he hear evidence on this point and if it is found that said certificate of acknowledgment is defective on the above instrument, that the same be corrected by the judgment of this honorable court.

"This defendant represents that he has paid taxes on the lands claimed herein by him ever since A. D. 1886. That he never knew of the claim of the plaintiff or any of the interveners until this suit was brought and that his possession has been undisturbed by any one whomsoever until this suit was brought."

The evidence shows that plaintiffs are the heirs of Thomas H. Lewis; that the defendant, the Houston Oil Company, holds record title under Thomas H. Lewis to an undivided one-third of the league, and to an undivided one-fiftieth of the one-third formerly owned by Rosalia L. Leonard, and that the interveners as heirs of Rosalia L. Leonard have record title to an undivided one-third of the league, less the one-fiftieth held by the Houston Oil Company. It was further shown that other defendants have acquired title by limitation to a tract of 211 acres out of said league.

Judgment·was rendered in the court below in accordance with the above findings of fact.

The appellant's brief thus states the question raised on this appeal: "There is practically but one point in the whole case, and that is, did the court err in excluding the power of attorney after the defendant George E. Downs had introduced the testimony of W. F. Gilbert, the notary before whom the power of attorney was acknowledged, which tended to show that the instrument was explained to the wife." This question is presented by appropriate assignments of error.

Appellant holds a regular chain of conveyance to an undivided one-third of the league under a deed from John W. Leonard, who claimed to act in the execution of said deed as attorney in fact for Rosalia L. Leonard and her husband, R. H. Leonard. The certificate of acknowl-

edgment to the power of attorney under which John W. Leonard acted in conveying the land is fatally defective in that it fails to state that the instrument was explained to Mrs. Leonard.

In support of his contention that the power of attorney was in fact explained to Mrs. Leonard the appellant introduced the testimony of the notary who took the acknowledgment. He testified as follows:

"My name is W. F. Gilbert, age 59 years, and reside in Los Angeles, California. My occupation is that of real estate and other investments. Previous to my residence here I was a resident of the State of Texas and of the town of Beaumont from 1861 to 1883, and was county and district clerk of Jefferson County, Texas, for about ten years, previous to and perhaps including a part of the year 1881, and was afterwards a notary public of said county. I have compared the certificate of acknowledgment to the power of attorney with the form of acknowledgment set out in the interrogatories and note the difference in said certificate. I have no recollection whatever of this particular transaction other than of all other official acts I was not specially interested in. (This in answer to a question whether he remembered if he had explained the power of attorney to Mrs. Leonard). I was an acting notary public for a number of years, do not remember how long. I think I was well posted as to the law prescribing the duties of a notary public and I am quite certain that in every instance I put the questions to the wife prescribed by law in such cases and I believe all the requirements were met by me as notary in the matter here in question. I do not remember whether the certificate of acknowledgment to the power of attorney was on a printed form or not, or whether I wrote out said certificate, but I am of the opinion that the whole instrument was written by R. H. Leonard including the notary's certificate in blank, as well as I remember his work came to me in that way often. I believe I was careful about my certificates, but I may sometimes have overlooked in making hurried comparisons."

The power of attorney and certificate of acknowledgment were both dated October 13, 1881. Appellant has paid all taxes due on the land claimed by him since he purchased it in 1886. There is no proof of any possession of the land by any one.

The one-third interest claimed by appellant under the conveyance from John W. Leonard was the separate property of Mrs. R. L. Leonard. The answer of appellant seeking the correction of the certificate of acknowledgment was filed October 23, 1905. The interveners did not interpose a plea of limitation to appellant's cross action to correct the certificate.

After hearing the testimony of the notary above set out the trial court refused to admit the power of attorney in evidence.

It is now the settled law of this State that the deed of a married woman to which the certificate of acknowledgment is insufficient is not void if it was in fact acknowledged by her in the manner required by the statute, and by timely suit for that purpose the grantee in such deed or any one holding title thereunder may have the certificate corrected and made to conform to the facts. (Rev. Stats., art. 4663, 4664; Johnson v. Taylor, 60 Texas, 365; Hayden v. Moffatt, 74 Texas, 650; Interstate B. & L. Assn. v. Goforth, 94 Texas, 264.)

Under the allegations of appellant's answer he was entitled to show, if he could, that the power of attorney was acknowledged by Mrs. Leonard in the manner required by the statute, and upon proof of such fact the instrument would have been admissible in evidence, but it was a question for the trial court to determine from the evidence whether the contents of the instrument were in fact explained to her by the notary, and the refusal to admit it in evidence involves the finding that such fact was not shown.

We do not feel authorized to set aside the finding of the trial court upon this issue. While the testimony of the notary might have authorized, it certainly did not compel a finding by the trial court that the instrument was explained to Mrs. Leonard. Given their strongest probative force the statements of the notary before set out go no further than to show a probability that the instrument was explained to Mrs. Leonard. He testifies that he has no specific recollection of the transaction, but believes that in taking the acknowledgment he complied with all the requirements of the statute. We think testimony of this kind is not sufficiently definite to require a court of equity to correct a written contract on the ground of mistake, and for a stronger reason it should not require the correction of an official certificate made in the exercise of a quasi judicial power. (Leach v. Dodson, 64 Texas, 185.)

It would be a dangerous rule to establish to require the correction of a certificate of acknowledgment to be made on the mere statement of the officers who took it that he believes he complied with all the requirements of the law, when his statement further shows that he has no recollection of the transaction and his expressed belief that he complied with the law is based solely on his further belief that he was a competent and careful officer. Under this view of the force and effect of the evidence upon the issue of the proper acknowledgment of the power of attorney we can not sustain the assignments complaining of the refusal of the trial court to admit it in evidence.

The interveners not having pleaded the statute of limitation in bar of appellant's suit to correct the certificate, that issue is not in the case.

We are of opinion that the judgment of the trial court should be affirmed and it has been so ordered.

*Affirmed.*

Writ of error refused.