## McCRACKEN et ux. v. SULLIVAN.
### (No. 6385.)

(Court of Civil Appeals of Texas. San Antonio. April 16, 1920. Rehearing Denied. April 28, 1920.)

1. **Vendor and purchaser ⬦278—Lien and debt barred, where extension signed and acknowledged but not recorded or suit instituted.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5694, 5695, if extension of debt and vendor's lien, signed and acknowledged, was not obtained and recorded, or suit instituted, within four years from time statute took effect, lien and debt were forever barred.

2. **Limitation of actions ⬦148(4) — Vendor and purchaser ⬦278 — Extension of lien note, not recorded, does not authorize foreclosure.**

Extension of vendor's lien note, not recorded as required by statute, would vitalize the debt for four years beyond the four limited by Vernon's Sayles' Ann. Civ. St. 1914, arts. 5694, 5695, but would not authorize foreclosure of lien, which had ceased to exist.

3. **Limitation of actions ⬦182(2)—Statutes must be pleaded, to obtain relief.**

Statutes of limitation must be pleaded, in order to obtain any relief under them.

4. **Acknowledgment ⬦47—Curative act held without application to unacknowledged extension of vendor's lien.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 6853, to perfect titles imperfect by failure or refusal to acknowledge instruments, so that they can be recorded, is without application to the case of a buyer of land who refuses to acknowledge contract of extension of vendor's lien; four years limited by articles 5694, 5695, for continuance of the lien, having elapsed, so that judgment under article 6853 would be a nullity.

5. **Acknowledgment ⬦4—Deeds ⬦82—Acknowledgment or record not necessary to make obligation binding.**

In case of a deed by a party competent to execute it, neither the acknowledgment nor record is necessary to make it a valid and binding obligation.

6. **Acknowledgment ⬦6(3), 25—Deed of a married woman, without statutory acknowledgment, void.**

A deed by a married woman must be acknowledged in a prescribed manner, and without such acknowledgment is absolutely void, and no court can give validity to it by judgment proving it.

7. **Acknowledgment ⬦43—Certificate of acknowledgment or record not necessary to make be corrected.**

If acknowledgment of a married woman's deed was actually made as required by statute, certificate can be corrected to conform to facts.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by D. Sullivan against R. G. McCracken and wife. From a judgment for plaintiff, defendants appeal. Reversed, and cause dismissed.

W. W. King, C. J. Gray, and O. Ellis, all of San Antonio, for appellants.

Denman, Franklin & McGown, of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellee against R. H. McCracken and Lillie D. McCracken, his wife, to obtain a judgment proving certain alleged extensions of a debt and vendor's lien executed by R. H. McCracken. It was alleged:

That on February 1, 1910, R. H. McCracken executed a promissory note to appellee for $6,000, payable one year after date, in which it was recited that the note was given for the purchase money of a certain parcel of land in the city of San Antonio, Tex., which was that day conveyed to said R. H. McCracken by appellee. That on April 6, 1914, McCracken executed the following agreement written on the back of the note:

"At my request this note, principal and int., is extended to July 1, 1914."

That afterwards appellant R. H. McCracken executed the following instruments, but failed and refused to acknowledge the same for record:

"San Antonio, Texas, April 6, 1914. "D. Sullivan & Co.:

"You hold my note for $6,000.00 and int. from Feby. 1, 1911, favor D. Sullivan. I request an extension on this note until July 1, 1914, and if not paid then I agree to go with you to Mr. McGown, and whatever you and Mr. McGown request I will do, regardless of whether the request of yours is pleasant or agreeable to me. I promise you now a payment by July 1, 1914, of $4.500.00 on the note above and on the furniture and fixture indebtedness due you. "R. H. McCracken."

"On or before May 1, 1915, will either pay you $4,000.00 or in case I don't will go down together to Mr. McGown and transfer property, house and fixtures and become your tenant. "R. H. McCracken. "3/25/1915."

"San Antonio, Texas, June 8, 1915. "D. Sullivan & Co., City—Gents: If on or before June 15th, if I do not pay you as much as $4,000 on the Camden street, No. 415, property, I will go with you to Mr. McGown and make necessary transfer of above and acknowledgments—in other words, do what Mr. McGown deems necessary to put affairs appertaining in proper legal form covering No. 415 Camden St. property. R. H. McCracken."

"San Antonio, Texas. June 24, 1915.

"This agreement is extended for 30 days from this date, and if I don't pay D. Sullivan $4,000.-00 on July 24, 1915, I will then go with D. Sullivan to Mr. McGown and make such transfer as D. Sullivan or Mr. McGown directs to the Camden St. property to which this extension refers. There is to be no extension asked or given to this agreement, but it must be closed or concluded on July 24/15.

"R. H. McCracken."

The following instrument is inserted in the petition, but was not signed by McCracken:

"Mch. 5, 1917, Mr. McCracken agrees in the presence of C. E. Fitzgerald, J. E. Stevenson, that if he did not pay this note by May 1, 1917, he would then deed Camden St. house. as represented by this note back to D. S. & Co."

It was alleged that Mrs. McCracken was claiming some interest in the property, and the prayer is:

"Plaintiff prays that the defendants be cited to appear herein, and that upon a trial hereof, plaintiff obtain a judgment proving such instruments and each of them to have been executed by defendant R. H. McCracken, and proving same in the Deed Records of Bexar county, Texas, and for costs and general relief."

Upon that pleading the trial court, after reciting the execution and delivery of the note and extensions, rendered judgment that the note and extensions "are hereby proved for record in the Deed Records of Bexar county, Texas." The petition was not verified by affidavit, nor was there any recital in the judgment of any testimony outside of the documents declared on in the petition. The judgment was rendered on October 10, 1919, and on the following day a motion to set aside the judgment was filed by appellants, which was amended on October 14, 1919. That motion was overruled, and this appeal was the result.

This suit was instituted under the authority of article 6853, Revised Statutes of Texas, which provides:

"Any person interested under any instrument in writing entitled to be proved for record may institute an action in the district court against the proper parties to obtain a judgment proving such instrument."

In the succeeding article it is provided that a certified copy of the judgment proving an instrument attached thereto shall entitle it to record, with like effect as if acknowledged. There has been but one case decided under that statute, and that does not touch on any point raised in this case. Pegram v. Owens, 64 Tex. 475. Under Laws 1905–06, p. 334, it was provided that, when a vendor's lien is retained to secure payment of the purchase money in a sale of real estate, the right to recover the real estate by virtue of the superior title retained shall be barred after the expiration of 10 years after the maturity of the debt. Prior to that time recovery of the land under the superior title did not depend upon the vitality of the debt. It was also provided in that law that, if the date of the maturity of the debt was not extended by a contract signed and acknowledg-

ed by the parties and filed for record, the date of maturity named in deed of trust, mortgage, or deed should be conclusive. By Gen. Laws 1913, pp. 250–252 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695), the law was amended so that the right to recover any real estate by virtue of any superior title retained in any deed of conveyance, or in any vendor's lien note or notes heretofore or hereafter executed given for the purchase money of land, shall be barred after the expiration of four years from the maturity of such indebtedness, and if suit is not brought for the recovery of the real estate or for foreclosure of the vendor's lien, it shall be conclusively presumed that the debt is paid, and the lien shall cease to exist, unless the debt has been extended as provided in the law. Article 5694, Rev. Stats. In article 5695 it is provided that, when the date of maturity of the debt is extended, the lien will continue to exist for four years, if a—

"contract of extension is signed and acknowledged as provided for in the law relating to the execution of deeds of conveyance by the party or parties obligated to pay such indebtedness as extended and filed for record in the county clerk's office in the county in which the land is situated."

The law also provides that the owner of all notes secured by deeds of trust or other liens and the owners of all vendor lien notes reserved in deeds which were executed subsequent to July 14, 1905, should have four years after the act took effect within which recorded extensions may be obtained or suits be brought to enforce the liens, if the same are valid obligations, and it is further provided that—

"If such debt is not extended of record, or suit is not brought within such four years or four years after they mature, they shall be forever barred from the right to extend such debt of record, or bring suit to enforce the lien securing the same."

[1, 2] The debt and vendor's lien in this suit come strictly within the purview of the law of 1913, as embodied in the articles of the Revised Statutes cited. That law went into effect on November 18, 1913, and under its provisions, if an extension signed and acknowledged "was not obtained and recorded, or suit instituted, within four years from that time," the lien and debt were forever barred. Extensions, under that law, of liens, are based on the execution and acknowledgment by the one giving the lien of the extension of time of payment of the debt, and its record within four years after the maturity of the debt. In the absence of such statutory extension within four years after November 18, 1913, or within the period ending on November 18, 1917, the lien reserved in the deed from appellee to appellant was forever barred. No such extension came into exist-

ence under the allegations of appellee's petition. The extension of a vendor's lien note not recorded as required by statute would vitalize the debt for another four years, but would not authorize a foreclosure of the vendor's lien, for it had ceased to exist. Adams v. Harris, 190 S. W. 245.

[3] It will be admitted, as it has been held, that the statutes under consideration are merely statutes of limitation, and must be pleaded in order to obtain any relief under them, but it may be stated that no suit has ever been instituted on the debt and for foreclosure of lien, and this suit to prove up the extensions was instituted long after the lien had ceased to exist, and if a suit should be brought on the last extension, and the statute of limitations of four years pleaded, there could be no recovery on debt or lien. The acknowledgment proved up under the law could not extend the time of the extension, but would merely prove up the extension as of the date it bore. To hold otherwise would be to rule that a court could make a new contract for the parties and grant a longer extension than the one agreed upon by them. The law that went into effect in November, 1913, granted to appellee authority to obtain a recorded extension or institute suit. That time was allowed to expire. The last extension was dated June 24, 1915, and was for 30 days. That was given over 18 months after the law had gone in effect, and did not under its terms check the running of the statute against the lien. This suit was filed 5½ years after the law of 1913 went into effect. The lien could not be held to be in existence longer than November 18, 1917, except by a suit or a recorded extension, and if the judgment obtained in October, 1919, had been attached to the extension of 1915, and then recorded, it could not have revived the dead lien.

[4-7] The law embodied in article 6853, Revised Statutes, was placed in the Civil Code by the codifiers of 1879, and has no reference to an instrument that has no existence without being recorded. Without the signature, acknowledgment, and record of the contract of extension, the lien did not exist. In case of a deed by a party competent to execute it, neither the acknowledgment nor record is necessary to make it a valid and binding obligation, and that would be the case in any contract signed by a party, in which an acknowledgment or record is made absolutely necessary in order to vitalize it. A deed made by a married woman must be acknowledged in a prescribed manner, and without that acknowledgment her deed would be absolutely void, and no court could give validity to it by a judgment proving it. Of course, if the acknowledgment of the married woman was actually made as required by the statute, the certificate of acknowledgment could be corrected to conform to the facts. Downs v.

Peterson, 45 Tex. Civ. App. 135, 99 S. W. 751. The suit in reality was one to compel the execution of an instrument, for without the acknowledgment and record it was null and void so' far as the lien was concerned. The law was not enacted to force a party to make a contract, but to acknowledge a contract already made. R. H. McCracken had not made any contract to extend the vitality of the lien, but only to extend the time of payment of the note. He absolutely refused to make a contract of extension of the lien, by refusing to acknowledge the extension. The law could not compel him to make the contract. Appellee was not without his remedy, for at any time during the four years after November 18, 1913, he could have sued either to recover the land or to foreclose his lien. Article 6853 was passed to give a remedy where none existed, and not to give another method of enforcing a lien.

Article 6853 was intended to perfect titles which were imperfect by reason of the makers of the instruments failing or refusing to acknowledge them, so that they could be recorded. It supplied a remedy which did not exist under any other statute. Such suits are permitted because they can be of benefit to those seeking aid from the statute, but in a case like this, where the judgment sought and given can be of no possible use, but is a nullity, it was never contemplated that such a judgment should be rendered.

The judgment is reversed, and the cause dismissed.