**YOUNG et al. v. BLAIN.　(No. 330–3687.)**

(Commission of Appeals of Texas, Section B. Nov. 22, 1922.)

**1. Homestead ⟊115(2)—Wife's mortgage on homestead void.**

A mortgage executed by a married woman in the form of a deed upon land constituting a part of her homestead in use by her as such at the time of the execution thereof, *held* void.

**2. Mortgages ⟊39 — Whether instrument in form of deed was intended to constitute a mortgage held for the jury.**

In trespass to try title, question as to whether an instrument in the form of a deed was in fact intended as a mortgage *held* for the jury.

**3. Mortgages ⟊32(1)—Instrument in form of deed constitutes a mortgage where so intended by the parties.**

A deed absolute on its face may be shown by the intention of the parties to be a security for a debt or any financial risk, and therefore in legal contemplation a mortgage.

**4. Mortgages ⟊36—Party who alleged instrument in form of deed to constitute a mortgage has burden of proving it.**

Where an instrument is in the form of a regular warranty deed, a party who pleads that it was in fact a mortgage has the burden of proving that it was so intended by the parties.

**5. Trial ⟊143—Question should be submitted to jury where there is dispute as to the facts.**

Where there is any dispute as to the facts, the court should submit the matter to the jury.

**6. Evidence ⟊588—Jury may accept portions and reject other portions of inconsistent testimony.**

Where there are inconsistencies in the testimony of a witness, the jury may accept portions of the testimony and reject other portions thereof.

**7. Trial ⟊139(1), 140(1)—Credibility of witnesses and weight of testimony for jury.**

The jurors are the exclusive judges of the credibility of witnesses and the weight to be given their testimony.

**8. Mortgages ⟊32(6)—Circumstances of execution and delivery of instrument to be considered on whether it is a deed or a mortgage.**

In determining whether an instrument is to be construed as an absolute conveyance or as a mortgage, the courts or juries must look to all the circumstances preceding and attending the execution and delivery of the instrument.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by W. R. Blain against Annie E. Young and husband. Judgment for plaintiff was affirmed by the Court of Civil Appeals (231 S. W. 851), and defendants bring error. Judgments of the district court and Court of Civil Appeals reversed, and cause remanded.

John M. Conley, of Beaumont, for plaintiffs in error.

W. R. Blain, of Beaumont, for defendant in error.

POWELL, J. Counsel for plaintiffs in error, in his application for the writ of error herein, states the nature and result of this suit with commendable brevity and accuracy, as follows:

"This is a suit of trespass to try title brought in the Sixtieth judicial district court, Jefferson county, Tex., by W. R. Blain, as plaintiff, and against Annie E. Young and her husband, Walter Young, as defendants. The land affected in the suit is a strip 46 feet wide by 237 feet long out of the Thomas Dickerson 10-acre tract in the James Drake head-right in Jefferson county, Tex. The plaintiffs in error answered by general denial, a plea of not guilty, and specially alleged facts raising the issue that the deed under which the defendant in error, W. R. Blain, was claiming the land in question was, in fact, a mortgage.

"The cause was tried by the court with a jury, and, after the evidence had been introduced by all parties, defendant in error, W. R. Blain, asked for an instructed verdict, and the court granting said application instructed the jury to return a verdict for the defendant in error for the land described in his petition. The jury, in accordance with the said peremptory instruction, returned a verdict for the defendant in error, W. R. Blain, and judgment was entered accordingly.

"The plaintiffs in error excepted to the trial court's peremptory instruction in due season, and to the judgment entered in this cause, and filed their motion for a new trial in said trial court, and after the court had overruled said motion for a new trial they perfected their appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, at Beaumont."

The Court of Civil Appeals affirmed the judgment of the district court. See 231 S. W. 851.

[1, 2] The entire case depended upon the character of the instrument in question. If it was in fact a mortgage, although a deed in form, it was invalid because upon land admitted by all to be a part of the homestead of Mrs. Young, in use as such by her at the time the conveyance was executed and delivered. We come, then, to consider whether or not the character of the instrument mentioned aforesaid should have been submitted to a jury.

[3, 4] Applying the law to the facts of this case, we think the Court of Civil Appeals correct in its statement, as follows:

"That a deed, absolute on its face, may be shown by intention of the parties to be a security for debt or any financial risk, and therefore, in legal contemplation, a mortgage is well settled. The deed in the instant case being

absolute on its face—a regular warranty deed—and appellants having pleaded that it was a mortgage, the burden was upon them to show by a preponderance of the evidence that same was intended by the parties to be a mortgage. Brewster v. Davis, 56 Tex. 478; Lowry v. Carter, 46 Tex. Civ. App. 488, 102 S. W. 930; Goodbar v. Bloom, 43 Tex. Civ. App. 434, 96 S. W. 657."

[5] The Court of Civil Appeals then proceeds to make ' another correct statement of law, as follows:

"Where there is any dispute as to the facts, then the court should submit the matter to the jury."

Was there any evidence supporting the contention that the instrument was, in ,fact, a mortgage? Was that issue raised so as to require its submission to a jury?

In answering this question, the Court of Civil Appeals, in its analysis of the testimony on the issue involved, says:

"But Mrs. Young (Sawyer) nowhere in her testimony says that said deed was intended as a mortgage. In effect, she denies the execution of the deed, saying, 'I can't explain to the court how I come to execute that deed, because I never executed nothing but this bond for Sawyer, and that is all that I ever signed, is that one paper.' She further testified 'if the deed that they have introduced, dated the 17th of September, 1913 (the deed in question)., from W. Sawyer et al. to C. W. Howth is claimed by Mr. Blain to be a deed that we executed to secure them on Mr. Sawyer's bond, I will state that I know nothing of that. They told me that it was a bond that I was signing, and that is all that I know.' It thus appears that appellants' allegations in the answer that the deed was a mortgage is not supported by the proof, and being the only question to be determined, under the pleadings, there was no error in the court's instructing the verdict."

The Court of Civil Appeals, in reaching its conclusion, just quoted, has singled out a few isolated expressions from the testimony of Annie E. Young· in sustaining its position. Instead of doing that, the court should have looked to her testimony as a whole on that issue.

Mrs. Young did not deny the execution of this very instrument. She admits her signature to it, but said she could not read, and had relied upon the statement of Blain as ·to its contents. We do not think it is necessary to conclude from the portions of the testimony, which alone impressed the Court of Civil Appeals, that Mrs. Young denied the execution of the instrument. On the contrary, the jury may have concluded, on a consideration of her testimony as a whole, that she was only testifying that she knew nothing of it as an absolute deed.

[6] But, even if there be an inconsistency in her testimony, the jury had the right to accept portions of it and reject other parts. It is their peculiar privilege to adjust in-consistencies in the evidence of a witness in case they develop.

Justice Stayton, in case of Davis v. Brewster, 59 Tex. 93, says that—

"Mutual intention of the parties at that time [of the delivery of the deed] must give character to the instrument."

See, also, Webb v. Burney, 70 Tex. 324, 7 S. W. 841.

In the instant case, there are only two people who know what the mutual intention of the parties was in closing this contract. Blain and Mrs. Young are the only witnesses. The notary public, Hartnett, an employee in Blain's office at the time, was not pres- · ent when the final trade was made. He left when the question of using the land in the transaction was first broached. When he returned, Blain had already prepared the deed, and Hartnett merely took the usual acknowledgement thereto.

Now, what do Blain and Mrs. Young say about this issue of fact? We have carefully read the entire statement of facts, and we think it would be an unprofitable consumption of time to cull out, at any great length, various portions of the evidence of both these witnesses. Suffice it to say that Mrs. Young did go to Blain's office, primarily to secure bond for her then husband, Sawyer, who was in jail on a criminal charge. She testified that they had already paid Blain his fee for handling her husband's case, and that she wanted him to secure a bond in order to obtain his release from prison. Her testimony, further, is that she did not want to put up her property for this bond, but that she finally consented to do so as a result of Blain's assurance that she ·would get it back. The case against Sawyer was finally dismissed, and she wanted her property back.

In order to show portions of her testimony, evidencing her views and intentions in executing this deed, as well as Blain's promises to her in connection therewith, we quote as follows from her evidence:

"He (Blain), said to me, 'Are you going to let him stay in jail?' and I said, 'I don't know nothing about it,' and he said, 'I will go his bond if you will deed me a lot,' and I said, 'I don't want to deed any lot over to you,' and he said, 'You will get it back again,' and he got me to sign the bond. Of course I couldn't read it myself, and I just took what they read to me. I wasn't able to read it myself. If the deed that they introduced, dated the 17th of September, 1913, from Sawyer et al. to C. W. Howth is claimed by Mr. Blain to be a deed that we executed to secure them on Sawyer's bond, I will state that I know nothing of that. They told me that it was a bond that I was signing and that is all that I knew.' I did not know that I was signing a deed to my property; I thought I was signing a bond. Of course, I didn't owe him anything, and he told me that when I signed that paper that I would get it back if I signed it. This paper that you hand me has my signature on it; yes, sir, that

is my signature, and it appears to be dated on the 17th day of September, 1913, and when I signed it, I signed it with the intention of getting it back again. * * * I do not know for sure whether the grand jury of Jefferson county indicted him for that or not, for theft, but he told me that I had to get some one to go his bond, and I said, 'I don't know who to get,' and he said, 'You sign a lot over to me and I will go his bond,' and he said, 'I will give it back to you.' * * * I don't know what Mr. Blain would charge to represent a man for theft, but I do know that he said he would represent Mr. Sawyer for $20, and I paid him, and that was enough, too. It is not a fact that, after Walter Sawyer was indicted on a felony charge, that he made the deed to Mr. Howth, and promised to pay Mr. Blain $200 to represent him. There was no trial, that I know of; there was no evidence against him; he came out of the case."

On the other hand, Blain testified that he refused to take a mortgage on this homestead; that an absolute deed was finally agreed upon, and the conveyance made in payment of an additional fee of $200 for representing her husband after indictment. We quote briefly from his testimony as follows:

"I told her that, if she wanted to employ Mr. Howth and myself to represent him in the felony case, that we would if the fee was paid. She did not pay any money, and suggested that I take this title to the land in my name, and that would be security. I told her that it would not be security for the fee; that it was her homestead, but that she could make a deed to Mr. Howth for the 46 feet, and in that way there would not be any question as to passing the title out of me, so she, I, and Walter Sawyer executed the deed to Mr. Howth; that deed was executed for $200 to represent Walter Sawyer in the felony case pending against him in the district court; it was not for the purpose of securing me on the bond of Walter Sawyer; none in the world."

[7] We do not think it was for the court to say which of these witnesses was telling the truth. It was solely a question of fact. A jury was on hand, and they were the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony.

[8] The jury would also have had the benefit of all the circumstances in the case, including the situation of those particular parties at the time the instrument was executed; their past relations with each other and Blain's former method of handling this very land in his dealings with her. In determining whether an instrument is to be construed as an absolute conveyance or a mortgage, the courts or juries, as the case may be, must look to all the circumstances preceding and attending the execution and delivery of the instrument. See Loving v. Milliken, 59 Tex. 423.

In the case just cited, Chief Justice Willie sets out circumstances from which equity usually deduces that a deed in form is in reality a mortgage. In that connection he says:

"The existence of a previous indebtedness between the parties; the need which the grantor has for money; a negotiation between the parties, in which a mortgage is discussed, though apparently refused; an agreement to furnish more money and extinguish an old debt for a deed to the property; a sale finally agreed on for much less than the property is worth; a statement of willingness by the grantee to reconvey if the money is refunded; no change in possession of the property taking place, as is always contemplated in absolute sales, without some understanding to the contrary."

Without going into detail, we will state that this record contains several of these very circumstances. It was for the jury to say whether or not they, and the other circumstances we have just mentioned, corroborated the testimony of Mrs. Young. If the jury had then believed her testimony, they would have found that she executed this deed as a mortgage only, securing those who made bond for her husband, and finally consented to do that only that she might secure her husband's release from jail, and upon an express promise of Blain that she would get the land back.

It should not be necessary for us to say that we do not want to be understood as expressing any opinion upon the credibility of either witness. We do not do so. We desire that the jury be left entirely free and uninfluenced in the discharge of its exclusive functions. We have only shown that, in our opinion, there was evidence raising the issue now under discussion, and that such issue should have been submitted to a jury for their determination of the highly conflicting evidence which fills the record in this case.

Our Constitution guarantees to our people the right of trial by jury. Of this right they should not be lightly deprived, but only where the case is clearly one for the court. We do not think the case at bar is such a one. As we view it, the peremptory instruction should not have been given. We think the case should be reversed in order that the jury may determine whether the instrument was, in fact, a deed or a mortgage.

Therefore we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the cause remanded to the former for another trial not inconsistent herewith.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.