**WATSON et ux. v. TOLER.**

**No. 11249.**

Court of Civil Appeals of Texas. Galveston.

July 2, 1941.

Dick Young and C. F. Stevens, both of Houston, for appellants.

T. W. Grobe, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 80th District Court of Harris County—in a trespass to try title suit by appellants against the appellee for the title to property they were then living in as their homestead on Lot 35 in Block 209 in Houston Heights Addition in Harris County, he having, in turn, by cross-action, sought a like recovery from them—disposing of the cause as follows:

"The Court having heard the evidence, pleadings, and argument of counsel, and having determined that there were no issues of fact to be submitted to the jury, discharged said jury, and it appearing to the court that the law and facts are with the defendant, H. O. Toler, in the original suit, it is therefore ordered, adjudged and decreed that plaintiffs, James W. Watson and wife, Mary Watson, take nothing by

their suit against the defendant, H. O. Toler, and that said defendant do have and recover of and from said plaintiffs all costs in this behalf incurred; and it further appearing to the court that the law and facts are with the cross-plaintiff, H. O. Toler, and against cross-defendants, James W. Watson and wife, Mary Watson, and finds that cross-plaintiff, H. O. Toler, has title to the hereinafter described property and is entitled to possession of said property.

"It is therefore considered, ordered, adjudged and decreed by the court that cross-plaintiff, H. O. Toler, recover of cross-defendants, James W. Watson and wife, Mary Watson, the title and possession of the premises."

Through a number of assignments appellants challenge that judgment, the most material of which are thus stated by them:

"(a) That there was ample evidence introduced before the jury authorizing the trial court to submit the issue as to whether or not the instrument in form of a deed which was attacked by the appellants was understood by the parties to be a mortgage.

"(b) The error of the trial court in permitting two instruments affecting title to land to be offered in evidence by the appellee as recorded instruments without having first filed the same among the papers of the case and giving three days' notice, required by law, that such instruments would be offered in evidence.

\* \* \* \* \*

"(d) Impeaching testimony of the appellants that the wife, who signed the instrument covering a purported conveyance of her homestead, was not examined privily and apart from her husband, and such instrument had not been fully explained to her by the notary public and she had not stated that she did not wish to retract it, was sufficient to take such issue to the jury even though the notarial certificate was in proper form under the facts of this case."

After careful examination of the record, this court agrees with appellants that, in the circumstances conclusively appearing, issues of fact were raised, which rendered the withdrawal of the cause from the jury improvident, and that prejudicial error was committed in the admission of the two challenged instruments affecting the title to the land, without their having first been filed for three days prior to the trial, with notice of such filing to themselves.

Appellants' suit, while, as indicated, a formal one in trespass to try title for the land, had as its main objective establishment of the alleged fact that the instrument they, as husband and wife, had executed and delivered to the appellee, conveying such property to him, on January 31 of 1937, while in the regular form upon its face of a deed, was, in fact, and had been so intended and agreed upon by the parties to be a mortgage only to secure the appellee for his having assumed the then outstanding deed of trust debt and lien against such property, which was held by the Home Owners Loan Corporation; this was the main bone of contention of the whole controversy, the appellants having specifically pled that such instrument had been obtained from them through the fraud of the appellee, acting through his attorney, in inducing them to so execute that instrument, whereas, they and he had expressly agreed that if he would so assume the balance of their outstanding debt to the Loan Corporation, they would execute a mortgage against their property, which at all times they were living in and claiming as their homestead, to secure him in so taking up that obligation, for the amount of which assumption they were later to reimburse him.

It is true the acknowledgments of both appellants upon such instruments were in statutory form, and that its recitations of a consideration were these: "\* \* \* for and in consideration of the sum of Twenty ($20.00) Dollars, cash, to us in hand paid by H. O. Toler, the receipt of which is hereby acknowledged, and in consideration of the assumption by the said H. O. Toler of the balance due on that certain note dated February 3, 1935, executed by J. W. Watson and wife, Mary Watson, to Home Owners Loan Corporation in the original principal sum of Six Hundred & Eighty Five ($685.00) Dollars, said note being fully described in and secured by that certain Deed of Trust of even date therewith on the hereinafter described property, executed by the said J. W. Watson and wife, Mary Watson, to B. W. Steele, Trustee, for the use of the Home Owners Loan Corporation."

But there was ample testimony from the appellants and on their behalf to raise issues of fact—notwithstanding such form and recitation in the instrument itself—over whether or not it had been agreed upon and was intended to be a mere mort-

gage as between the parties thereto, as well as whether its execution and delivery to the appellee by appellants had been secured from them by fraud upon his part. They directly testified that such had been the agreement between the parties, as well as their own understanding of it, and that, being ignorant negroes, they had no idea at the time that they were executing an instrument in the form of a deed to their homestead, but were told by the appellee, as well as his attorney who presented it to them and took their acknowledgments thereto, that it was a mortgage, or contract, to secure him for assuming their debt to the Loan Corporation.

Moreover, there was like testimony from both of them to the effect that the wife had not been examined by the notary, who so took their acknowledgments to such instrument, privily and apart from her husband, nor had he explained it to her as being a deed at that time; but, on the contrary, that he had told her it was a mortgage or contract only, and that she had never been out of the presence of her husband during the whole time the notary was taking their acknowledgments.

■ In these circumstances, it was not competent for the trial court to itself pass upon the weight and credibility of this testimony, that having rather been the exclusive province of a jury; Article 6605, R.S.; Stephenson v. Arcenaux, Tex.Civ. App., 227 S.W. 729; Young v. Blain, Tex. Civ.App., 245 S.W. 65; Loving v. Milliken, 59 Tex. 423.

■ Neither, under the cited authorities, is it an answer to suggest, as the appellee in reply does, that, since the recited consideration was the assumption of a valid outstanding mortgage against the property, the court was compelled to construe the instrument to be a deed under such authorities as Mann v. Wright, Tex.Civ.App., 269 S.W. 222; Matheson v. C-B Live Stock Co., Tex.Civ.App., 176 S.W. 734; Pridgen v. Furnish, Tex.Civ.App., 11 S.W. 2d 844, affirmed, Tex.Com.App., 23 S.W.2d 307; because, that contention is thought to run counter to the rules laid down by our Supreme Court, particularly in Young v. Blain, cited supra; especially so in cases like this, where not only fraud in the inducement of the instrument was alleged, but there was further, under the undisputed facts, no innocent purchaser of any sort here involved; in other words, in such a state of facts as this, these parties having for years before continuously claimed and occupied this property as their homestead, even up to and during the trial below, with no issue whatever as to an innocent purchaser relationship, this instrument—both as to its character and as to the form of its acknowledgment by the married woman—was subject to direct attack as between the original parties to it; see Young v. Blain, supra; also 1 Tex. Jur., p. 540, "Acknowledgment of Married Women", and these holdings: Leach v. Dodson, 64 Tex. 185; Johnson v. Bryan, 62 Tex. 623; Stephenson v. Mallett, Tex. Civ.App., 240 S.W. 633; Stephenson v. Arcenaux, Tex.Civ.App., 227 S.W. 729; Blume v. White, Tex.Civ.App., 111 S.W. 1066; Downs v. Peterson, 45 Tex.Civ.App. 135, 99 S.W. 751.

It is true there was in this instance no debt due from Watson to Toler at the time this instrument was executed, but, in the relations otherwise existing, that was not an indispensable requisite, under the rule laid down in Young v. Blain, supra, the obligation between the Watsons and Toler being, expressly, that he was to take care of the Loan Corporation's mortgage and they, in turn, were to refund him the amounts he should pay out for them in that behalf.

It is, therefore, held that the question of whether this instrument was such a mortgage should have been submitted to the jury.

■ The appellee, in support of his cross-action for title against appellants to the property, offered and the court received in evidence an instrument executed by the Loan Corporation appointing Tucker Wilkerson as substitute trustee, directing him to foreclose the deed of trust previously executed by the appellants to the Loan Corporation in support of the pre-existing debt they owed it on this property; also a deed from Wilkerson as such trustee to the appellee, of date November 5 of 1940, purporting to convey the property to the appellee pursuant to a prior sale thereof made by him as such substitute trustee; the appellants objected to the introduction of both such instruments, on the ground that he did not file them three days prior to the trial, nor give them notice thereof, nor was their execution proven up at common law, which objections the trial court overruled and received both instruments in evidence. That action was error under these authorities: R.S.Article

3726, Vernon's Ann.Civ.St. art. 3726; Wiggins v. Fleishel, 50 Tex. 57.

 While the appellee contends to the contrary in his brief, asserting that "no exception to the ruling of the court appears in the statement of facts, there is no bill of exceptions sufficient to base an assignment of error on", it is held the exception was duly preserved, pursuant to R.S.Article 2239, Vernon's Ann.Civ.St. art. 2239, and the trial court's certificate so shows.

While other questions are discussed in the briefs, it is deemed unnecessary to more specifically dispose of them here, since these conclusions determine the merits of the appeal, and the other matters may not arise upon another trial.

It follows from what has been said that the judgment should be reversed, and the cause remanded for another trial; it will be so ordered.

Reversed and remanded.