TEXAS & PACIFIC R'Y CO. v. FRANK MALLON.

(Case No. 1883)

1. PRACTICE—BILL OF EXCEPTION.—The action of the court below upon motions for continuance can be revised in the Supreme Court only when exception is reserved and presented in a proper bill.

2. NEGLIGENCE—AGENTS—CONTRIBUTORY NEGLIGENCE.—In a suit for damages against a railway company it was shown that plaintiff was fireman on the east-bound train, which was not authorized to leave H. station until twenty minutes after one ; the west-bound train was due at H. station at fifteen minutes after one, and the rules of the road required that, if it was not on time, it should send a flagman ahead and run slowly to prevent collisions, since the east-bound train had the right to the track. A collision, injuring plaintiff, occurred about one mile east of H. station. *Held :*

(1) That if the collision occurred after the west-bound train was due at H. station, it should have had out its flagman. If the failure to have out the flagman was the cause of the accident, and the unfitness of the conductor and engineer caused this failure, and their unfitness was unknown to plaintiff, and was known, or would by the use of reasonable care have been known to defendant, then defendant was liable.

(2) A charge that a breach of an admitted duty is negligence, is not a charge on the weight of evidence.

(3) If the east-bound train left H. station earlier than it ought, but the collision occurred after the west-bound train ought to have had out the flagman, and as a *result* of its failure to so do, the premature departure of the east-bound train could not be said to have proximately contributed to a collision which occurred after the east-bound train ought to have been on the track, and after the duty of avoiding the collision was shifted, under the rules of the road, upon those having the west-bound train in charge.

2. PRACTICE.—Vague and general assignments of error will not be considered.

APPEAL from Harrison. Tried below before the Hon. A. J. Booty.

Frank Mallon, the appellee, and plaintiff in this case in the court below, instituted this suit against the Texas & Pacific Railway com-

pany to recover a sum of money as compensation for personal injuries received by him in a collision between two freight trains on defendant's road a short distance east of Hallville, a station on defendant's road, on the 6th of December, 1881, between one and two o'clock a. m. The colliding trains were No. 9 going west, and No. 10 going east, both freight trains. Mallon was fireman on train No. 10. Donaldson was conductor and Pineo was engineer on train No. 9. Plaintiff charged that Donaldson and Pineo, at the time of the collision, were both drunk; that they were habitual drunkards, and therefore incompetent to fill the places occupied by them; that their habits and incompetency were known to defendant, or could have been known by the use of ordinary care; that the drunkenness of these men was the cause of the collision; that train No. 9 was running contrary to orders and the rules of the company; that the persons in charge of train No. 10 were without fault.

The defendant denied generally the plaintiff's allegations, and specially alleged that Donaldson and Pineo were competent men and they were running train No. 9 in obedience to orders and in accordance with the rules of the company; that the collision was caused by train No. 10 leaving Hallville sooner than it should have done under its orders and the rules of the company; that No. 10 was ordered, in substance, not to leave Hallville until 1:15 a. m., unless No. 9 arrived sooner; that there was a rule of the company in force known as the five minutes safety rule, which required No. 10, in case No. 9 had not arrived, to wait at Hallville five minutes longer than the time specified in the order to insure safety, but that the crew of No. 10 disregarded the order and the rules and regulations, and left Hallville sooner than they should have done, and thereby brought about the collision; that if they had waited the proper time No. 9 would have arrived, and the collision, which occurred only about one mile east of Hallville, would have been averted.

When the case was called for trial defendant made a motion to continue, which was overruled. A trial resulted in a verdict for the plaintiff for the sum of six thousand dollars.

*Whitaker & Bonner,* for appellant.

*A. Pope & W. H. Pope,* for appellee, cited: Tex. Land Co. *v.* Williams, 51 Tex., 51; R. R. Co. *v.* Dilahunty, 53 Tex., 206; R. R. Co. *v.* Hurdy, 60 Tex., 230.

ROBERTSON, ASSOCIATE JUSTICE.—The first assignment of error complains of the action of the court in overruling appellant's motion

for a continuance. The order of the court overruling this motion was entered in the minutes, and the exception is there noted. This minute of the proceedings in the court below did not make the application for continuance a part of the record. Under rule 55, the action of the court upon motions for continuance can be revised here only when exception is reserved and presented in a proper bill. As no such exception was taken in this case, this assignment of error presents nothing to be considered by this court.

· The second, third and fourth assignments, question the correctness of the court's charge to the jury. The part of the charge specified is in the following language: "But, if the collision took place after one o'clock and twenty minutes, and number nine was running without flagging its train, then the plaintiff is entitled to recover, provided he makes proof to your satisfaction of those facts, which in a former part of these instructions you have been informed he must prove to entitle him to recover at all."

The plaintiff was fireman on train No. 10, which was not authorized to leave Hallville, on its eastward journey, until twenty minutes after one o'clock on the morning of December 6, 1881. The west-bound train, No. 9, was due at Hallville at fifteen minutes after one o'clock on the same morning. On that morning the two trains collided about one mile, or one mile and a half, east of Hallville, and there the plaintiff received his injury. Defendant's rules required No. 9, if it was not on time, to send a flagman ahead nine hundred yards, and travel slowly to prevent collisions. The east-bound trains had the right to the track, and hence this caution was required of No. 9, which was bound west. These were undisputed facts. From them it necessarily follows that if the collision occurred after No. 9 was due at Hallville, No. 9 ought to have had out the flagman. If the failure to have out the flagman was the cause of the accident, and the unfitness of the conductor and engineer on No. 10 caused this failure, and their unfitness was unknown to the plaintiff, and was known, or would, by the use of reasonable care, have been known to the defendant, then the defendant was liable. This is precisely the theory presented in the charge of the court below. It was proven by the defendant that if No. 9 was late it should have sent out the flagman for the very purpose of preventing a collision. The rules of defendant required this duty of No. 9. To charge that a breach of that admitted duty was negligence was not a charge on the weight of evidence. But it is claimed that the liability of defendant ought to have been made to depend upon the time when No. 10 left Hallville. In the theory presented by the court below in the charge,

the defendant was liable if the accident resulted from the failure of No. 9 to send out the flagman. If No. 10 did leave Hallville earlier than it ought, yet the collision occurred after No. 9 ought to have had out the flagman, and as a *result* of the failure of No. 9 to do this, the premature departure of No. 10 cannot be said to have proximately contributed to the collision, which occurred after No. 10 ought to have been on the track, and after the duty of caution against the collision was shifted, under the rules of the service, upon those having in charge train No. 9. The charge, as a whole, fairly presented the case to the jury, and their finding is well sustained by the evidence.

The fifth assignment of error is that "the court erred in refusing to give the several special charges asked for by the defendant." Four special charges were requested and refused, and it has already been held several times at this term that such an assignment of error is not in accordance with law and will not be considered.

The last assignment of error, the sixth, is that the court erred in not granting defendant's motion for new trial. This assignment has not been considered, as it is manifestly too general.

There is no error in the judgment and it is therefore affirmed.

AFFIRMED.

[Opinion delivered November 13, 1885.]