**STEPHENSON v. ARCENEAUX et ux.**
(No. 574.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 11, 1920. Rehearing Denied Dec. 15, 1920.)

1. **Appeal and error** ⊂⇒544(1)—Denial of continuance not reviewable in absence of bill of exceptions.

The action of the trial judge in overruling defendant's motion for a continuance cannot be reviewed, where no bill of exceptions was reserved thereto.

2. **Deeds** ⊂⇒70(1)—Grantors signing deed under misrepresentation as to contents held entitled to cancellation.

If a deed was procured by grantee's fraud in misrepresenting its contents to grantors, one of whom could not read or speak English, a judgment of cancellation of the deed was authorized.

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Acknowledgment ⬤⟶6(3)—Failure of notary to explain contents of deed to wife warranted cancellation.**

In an action to cancel a deed to a homestead where the contents of the deed were not explained to grantor's wife by the notary taking her acknowledgment, as required by statute, that fact of itself would be sufficient to authorize cancellation.

Error from District Court, Liberty County; J. L. Maury, Judge.

Suit by Zeno Arceneaux and wife against W. M. Stephenson in trespass to try title. Judgment for plaintiffs, and defendant brings error. Affirmed.

Stevens & Stevens, of Houston, for plaintiff in error.

E. B. Pickett, Jr., of Liberty, for defendants in error.

HIGHTOWER, C. J. Zeno Arceneaux and wife, Felice Arceneaux, filed this suit, as plaintiffs, against W. M. Stephenson, as defendant, in the district court of Liberty county, seeking to recover, in the form of an action of trespass to try title, 60 acres of land properly described in the petition, and being a portion of a certain 100-acre tract in the P. L. Robinson survey in that county. In a separate paragraph or count in the petition, plaintiffs sought to have canceled and annulled a certain deed, which they alleged the defendant had caused to be recorded in the deed records of Liberty county on February 6, 1911, and which deed purported to have been executed by the plaintiffs to defendant, conveying absolutely to defendant all of the oil, gas, petroleum, and other minerals in or under said 60 acres of land. The grounds upon which the plaintiffs sought to cancel said deed were, substantially, that the same had been procured by fraud practiced by the defendant, Stephenson, upon the plaintiffs, Arceneaux and wife, and also upon the further ground that no consideration whatever was paid by said defendant for said deed, and also upon the further grounds that the 60 acres of land described in the deed constituted a part of the homestead of the plaintiffs at the time of the deed's execution, and that Mrs. Arceneaux never acknowledged its execution as required by law, in that her acknowledgment thereto was not taken privily and apart from her husband, and also that the notary taking her acknowledgment never explained said instrument to her, as by law he was required to do.

The defendant answered by general demurrer and several special exceptions, unnecessary here to mention because the action of the court thereon is not questioned in this court, and he further answered by plea of not guilty, general denial, etc.

The case was tried before the court without a jury, and resulted in a judgment in favor of the plaintiffs, who are the appellees here, for the land sued for and also canceling and holding for naught said deed.

The defendant requested the trial judge to file findings of fact and conclusions of law, which was done, as follows:

"(1) I find that the 60 acres of land in controversy is a part of a certain 100-acre tract in the P. L. Robinson league in Liberty county, Tex., which was the homestead of the plaintiffs, Zeno Arcencaux and his wife, Felice Arceneaux, for a number of years prior to February, 1911; that they first established their homestead upon said land some years prior to 1911, and have continuously occupied and made use of said land as their homestead since that time; the said Felice Arceneaux, wife of Zeno Arceneaux, died in the latter part of 1918, leaving surviving seven children (here the surviving children are named).

"(2) I find that the document or legal instrument bearing date February 3, 1911, and of record in volume 34, p. 10, Liberty County Deed Records, and which bears the signatures of Zeno Arceneaux and his wife, Felice Arceneaux, was never read over or explained to the said Felice Arceneaux before she signed the same; and further I find that the defendant, W. M. Stephenson, fraudulently misrepresented to both the said Zeno Arceneaux and Felice Arceneaux the contents of said legal instrument before either of them signed same, it being represented to them by said Stephenson that the document was only a lease of the oil and mineral rights upon said 60 acres of land, and that unless the drilling of a well for oil was actually begun upon said land within six months the lease would be null and void, and further that it was such a mineral lease with one-eighth royalty reserved to the lessors; that such representations were untrue, but the said Zeno Arceneaux and Felice Arceneaux at the time such statements were made to them by Stephenson, which was just prior to their signing said document, believed he was correctly explaining to them the contents of said paper, and they relied upon such representations and were thereby induced to agree to sign said document.

"(3) I find that the said Felice Arceneaux could not speak or understand English, but spoke French only, and the statements made by defendant as above found were made in English by defendant, who could not speak French, and that he made such statements to the plaintiff Zeno Arceneaux, who, in turn, speaking French, told his wife, Felice Arceneaux, that the paper was such a document, and she relying on such misrepresentations agreed to sign the paper.

"(4) I find that A. L. Moore, the notary public whose certificate of acknowledgment is attached to said document, could not speak or understand French, and that he did not explain the said document to the said Felice Arceneaux, nor did he have any one to act as an interpreter to make such explanation, and that he, in fact, did not in any manner explain said document to her, and she was not asked by him if she had willingly signed the same for the purposes and consideration therein expressed, and neither was she asked by him if she wish-

ed to retract her act in signing said paper or the execution of said paper by her.

"(5) I find that the defendant, W. M. Stephenson, never paid the said Zeno Arceneaux and wife, Felice Arceneaux, any consideration whatever for the execution of such paper, and that he did not at the time of its execution, or at any time thereafter, deliver to them, or either of them, any stock of the Comet Oil Company.

"Conclusions of Law.

"I conclude that the document bearing date the 3d day of February, 1911, recorded in volume 34, p. 10, Liberty County Deed Records, is null and void, that it was never a valid and binding document upon the said Zeno Arceneaux and Felice Arceneaux, and that it was fraudulently procured from them, and that the acknowledgment of said Felice Arceneaux thereto was not taken in compliance with law, and therefore the plaintiffs, who are the said Zeno Arceneaux and his seven children above named, should have and recover from the defendant the title to and possession of said 60 acres of land, and that the said document of date February 3, 1911, should be completely annulled and canceled."

From the judgment against him, the defendant, Stephenson, sued out a writ of error to this court. For brevity he will be referred to as the appellant, and defendants in error as appellees.

[1] There are but two assignments of error found in appellant's brief. By the first, he complains of the action of the trial judge in overruling his application for a continuance. This assignment must be overruled because, even if it should be conceded that there was any merit in the motion, no bill of exception was reserved to the action of the court in refusing the motion. Philipowski v. Spencer, 63 Tex. 605; Railway Co. v. Mallon, 65 Tex. 117; Anderson v. Rich, 223 S. W. 540.

[2] The second assignment of error challenges the judgment on the ground that there was neither allegation nor proof by the plaintiffs that the notary public, whose certificate appears to the acknowledgment to the instrument in question, was guilty of any fraud in taking such acknowledgment, and in appending his certificate of acknowledgment to the instrument, and that in the absence of such proof, such certificate of the notary imports absolute verity.

[3] Under the facts in this case, as found by the trial court, we think that the cancellation of the instrument in question was authorized and proper, in the absence of any allegation and proof as to any fraud perpetrated by the notary. We have shown the findings of fact of the trial judge above, and there is not an assignment in appellant's brief challenging any of such findings of fact, with the exception of the finding that Mrs. Arceneaux could not speak English, but spoke French only. If the deed in question was, in

fact, procured by fraud on the part of appellant, Stephenson, in that he misrepresented its contents to Arceneaux and wife, and they relied upon such misrepresentation in executing the deed, and Stephenson for the same paid no consideration, those facts alone were sufficient to authorize the judgment of cancellation. No question of innocent purchaser is here involved, and the authorities relied upon by appellant in this connection can have no application. Furthermore, if the property, as found by the court, was the homestead of Arceneaux and wife at the time the deed was executed, and if the contents of the deed were not explained by the notary taking Mrs. Arceneaux' acknowledgment, as required by the statute, that fact of itself, which is unquestioned here, would be sufficient to authorize the cancellation in this case. Citation of authorities upon either of these propositions would be superfluous.

No error is shown in the judgment below, and the same will be in all things affirmed.