## SUN OIL CO. v. RHODES et ux.

### No. 2571.

Court of Civil Appeals of Texas. Beaumont. April 26, 1934.

Rehearing Denied May 23, 1934.

Campbell, Murphy & Cochran, of Livingston, and C. A. Toler, of Dallas, for appellant.

V. A. Collins, of Livingston, for appellees.

O'QUINN, Justice.

April 29, 1932, P. Rhodes and wife, Frances Rhodes, executed and delivered to A. C. Garvey a deed conveying an undivided one-half of the oil, gas, and other minerals in 70 acres of land, a part of the Henry Gunter survey in Polk county, Tex., which at that time was occupied by them as a homestead. This deed was acknowledged before C. A. Richardson, justice of the peace and ex officio notary public. The certificate of acknowledgment is regular on its face showing acknowledgment by P. Rhodes and his wife, Frances Rhodes. O. C. Garvey was the agent of and acting for the Sun Oil Company in procuring said deed and on May 5, 1932, transferred all rights under said deed to the Sun Oil Company.

This suit was filed by P. Rhodes and his wife on June 1, 1933, for the cancellation of said mineral deed on the ground of fraud in the procurement of same. It was alleged that said agent of said oil company represented to plaintiffs that he desired to purchase from them one-half of their royalty in their land for the sum of $1 per acre, and they, believing that one-half of the royalty meant one-half of one-eighth of all minerals in the land, agreed to sell same on that basis, but that said agent, after their said verbal agreement, fraudulently so worded said deed as to make it convey a full one-half interest in all the minerals in said land; that neither of them could read and not knowing that the deed was different from their verbal agreement, and not being able to read the deed as so prepared, and having full confidence in said agent, who was well known to them and whom they trusted, signed the deed; that said deed as so drawn by said agent was not read or explained to them by either said agent or by the notary who took their acknowledgment to said deed, but that they acknowledged same under the belief that it conveyed the one-half of their royalty, or one-half of one-eighth of the minerals in the land instead of a full one-half interest in said minerals.

The defendant, Sun Oil Company, answered by general denial.

The case was tried to a jury, but after the evidence was closed, the court instructed the jury to return a verdict for plaintiffs on the ground that the undisputed evidence showed that C. A. Richardson, the notary who took the acknowledgment of plaintiffs, did not explain the deed to Mrs. Rhodes, wife of P. Rhodes, before she signed it, he merely asking her whether she understood, and she answering that she did, wherefore the deed was void. The instructed verdict was accordingly returned and judgment entered canceling and annulling the deed from plaintiffs to O. C. Garvey and the deed from Garvey to the Sun Oil Company, and divested all the right and title to said minerals apparently vested in the Sun Oil Company by virtue of said deed out of said defendant

company and vesting same in plaintiffs, P. Rhodes and his wife, Frances Rhodes.

Motion to set aside the verdict of the jury and the judgment of the court was overruled, and defendant appeals.

Appellant presents three assignments of error which present, in substance, the same ground for reversal. We shall consider them altogether.

It is contended that the only ground alleged for cancellation of the deeds is that the execution of the deed by plaintiffs to Garvey was induced by the fraud of the agent of the oil company. That fraud, as alleged in that particular, was the only issue, and the court was without authority to consider the validity of the acknowledgment of Mrs. Rhodes to the deed because of the failure of the notary taking her acknowledgment to comply with the law in taking such acknowledgment, for in that the acknowledgment being regular on its face, and there being no pleading by plaintiffs alleging the lack of compliance with the law by the notary taking the acknowledgment, same could not be considered.

Appellees insist that their pleadings are sufficient to and do challenge the validity of the acknowledgment of Mrs. Rhodes. We think appellees' contention is sound. They allege in their petition that:

"Plaintiffs were neither able to read nor write and being told by defendant's said agent that said written agreement was what the parties had agreed upon verbally, such representation being falsely and fraudulently made by defendant's agent, but being believed and relied upon by plaintiffs, they were thus induced to sign such instrument, believing at the time of signing same they were conveying only 1/16th of their mineral rights in their land, when as a matter of fact, as they have since been informed by others who can read, they conveyed 1/2 of their entire mineral rights, and neither the notary who came to plaintiffs' house with defendant's said agent and who took plaintiffs' acknowledgments, nor anyone else, read said instrument to plaintiffs nor made any explanation thereof, and plaintiffs signed same only because they relied upon the false and fraudulent representations made by defendant's said agent as aforesaid, and which they believed and relied upon, but had they known the nature and character of the instrument they were signing and that they were executing an absolute deed to 1/2 of their mineral rights and that they had thereby lost the right to lease same, and that too without any obligation on the part of defendant of developing same, they would under no consideration have signed same."

Appellant did not specially except to the sufficiency of the pleadings relative to the failure of the notary to explain the deed to Mrs. Rhodes. In the absence of such exception, we think the pleading, when given all the intendments to which it was entitled, was sufficient to admit the testimony complained against. Furthermore, there was no objection to the evidence when offered.

The record discloses and it is admitted that O. C. Garvey was the agent of the defendant, Sun Oil Company, and that he was acquiring the mineral rights for the said company. The plaintiffs were quite old, P. Rhodes being eighty-four and his wife near that. Garvey had known them all his life. He knew they could not read or write. Richardson, the officer who took the acknowledgment, was employed and paid by the defendant oil company to go with Garvey and take acknowledgments to instruments. He was paid $3 per day regardless of whether he took acknowledgments every day or not. The record is without dispute that Richardson, the notary, did not read the deed to either P. Rhodes or his wife, nor did he explain the instrument to either of them. Richardson said that he did not understand it himself. But he said that they understood it because George Rhodes, a son, and John Kirwin, a son-in-law of Rhodes, read the deed and explained it to plaintiffs. He said this took place while he and Garvey were eating dinner, and that Rhodes and son and son-in-law were just outside of the dining room on the porch and he heard them talking about it, but when pressed as to the whereabouts of Mrs. Rhodes at that time, said Mrs. Rhodes might have been in the kitchen, but that Mr. Rhodes was out there with them. Both Rhodes and his wife testified that Richardson did not either read the deed to them or explain it to them. They merely signed the deed at the request and upon the statements of Garvey.

Article 6605, R. S. 1925, provides:

"No acknowledgment of a married woman to any conveyance or other instrument purporting to be executed by her shall be taken, unless she has had the same shown to her, and then and there fully explained by the officer taking the acknowledgment on an examination privily and apart from her husband; nor shall he certify to the same, unless she thereupon acknowledges to such officer that the same is her act and deed, that

she has willingly signed the same, and that she wishes not to retract it."

The provisions of the statute, supra, regulating the acknowledgment of married women are mandatory, and in an action to cancel a deed to the homestead where the contents of the deed were not explained to the grantor's wife by the notary taking her acknowledgment as required by the statute, that fact of itself is sufficient to authorize the cancellation of the deed. Stephenson v. Arceneaux (Tex. Civ. App.) 227 S. W. 729.

While it is true that plaintiffs alleged fraud on the part of defendant's agent, Garvey, in the procurement of the execution of the deed, in that he falsely represented to them that the deed which he had prepared to carry out their verbal agreement of sale was in accordance with said agreement, when in fact it conveyed an entirely different and much larger interest in the mineral estate than they had agreed to sell, still fraud, as we consider plaintiffs' pleadings, was also charged in procuring the acknowledgment of plaintiffs to the deed, in that they charged that defendant's said agent knew that neither of them could read or write, and knowing this did not read the deed to them or have the notary, who took their acknowledgments to the deed, do so, and that neither said agent nor the notary explained to them the contents of the deed, and said agent and the notary and plaintiffs being together all of the time at plaintiffs' home when and where the deed was signed and the acknowledgments taken, the acts of said agent and said notary were in fraud of their rights, and thus vitiated and rendered void the conveyance. Appellant was present in the person of its agent, Garvey, all the time and had full knowledge of what transpired. That being true, when these facts were shown, there was no question of fact to be presented to the jury, for the circumstances of the signing of the deed, and the failure of the notary to take the acknowledgment of Mrs. Rhodes to the deed in the manner required by law, rendered the deed void, and the instructed verdict was proper.

The judgment is affirmed.

## On Rehearing.

PER CURIAM.

Rehearing denied.

COMBS, Justice (dissenting).

After considering appellant's motion for rehearing, the writer has reached the conclusion that the motion should be granted and the case remanded for a new trial. However, this view is not shared by the majority and I deem a brief statement of the grounds of dissent appropriate.

The judgment of the trial court shows that the verdict was instructed against appellant in this case on the sole ground that the deed was void because the notary, in taking Mrs. Rhodes' acknowledgment, did not read or explain the instrument to her and the affirmance of the judgment by this court was based on that ground. It is not questioned that the issue of fraud raised by the pleadings was, under the evidence, one of fact and that the case should have been submitted to the jury unless the holding that the deed was void is correct.

I think our original opinion was in error in holding that appellees' pleadings in the trial court were sufficient, in the absence of a special exception, to challenge the validity of the acknowledgment of Mrs. Rhodes. As I construe the pleadings, plaintiffs sought cancellation of the deed on the sole ground of fraud in its procurement. The only reference to the failure of the notary to explain the deed is contained in that portion of the petition set out in the opinion. It is there charged, in substance, that defendant's agent, Garvey, procured the deed by fraudulently representing that it conveyed only a one-sixteenth royalty interest in the minerals whereas, as plaintiffs subsequently learned, it conveyed a one-half interest in fee in the minerals; that plaintiffs did not know of the effect of the deed and the fraud being practiced upon them by defendant's agent, Garvey, because they were not able to read or write and that "*neither the notary who came to plaintiffs' house with defendant's said agent and who took plaintiffs' acknowledgment, nor anyone else read said instrument to plaintiffs nor made any explanation thereof.*" Thus the petition charges fraud in the procurement of the instrument. And the reference to the failure of the notary to read or explain the instrument is merely incidental to the plea and amounts only to a plea of confession and avoidance on the fraud issue, relieving plaintiffs against the imputation of negligence in signing the deed. The plea applied equally to both plaintiffs. It nowhere charged fraud in the taking of the acknowledgment of Mrs. Rhodes or that the notary public was a party to any fraud in taking it or that defendant's agent, Garvey, was present and knew that the law was not complied with in the taking of it, or that the notary fraudulently made the certificate of acknowl-

edgment, which is regular in form and purports full compliance with the law.

The act of a notary in taking acknowledgments, particularly that of a married woman, is quasi judicial. Johnson v. Taylor, 60 Tex. 360; Bexar Building & Loan Ass'n v. Heady, 21 Tex. Civ. App. 154, 50 S. W. 1079, 57 S. W. 583; Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311. A notary is an officer under oath and bond as such for the faithful performance of his duties and his certificate is entitled to full faith and credit until properly impeached. So where, as in this case, a married woman, with her husband, has actually signed a deed and appeared before a notary for the purpose of acknowledging it, and the officer's certificate is regular in form, showing full compliance with the law, the certificate of acknowledgment cannot be impeached in the absence of pleadings directly attacking it and setting forth the specific grounds of invalidity. Hartley v. Frosh, 6 Tex. 208, 55 Am. Dec. 772; Oar et ux. v. Davis, 105 Tex. 479, 151 S. W. 794; Cox v. Sinclair Gulf Oil Co. (Tex. Civ. App.) 265 S. W. 196 (writ refused); Tippett v. Brooks, 95 Tex. 335, 67 S. W. 495, 512; Adkins-Polk Co. v. Rhodes (Tex. Com. App.) 24 S.W.(2d) 351; Sanger v. Calloway et ux. (Tex. Com. App.) 61 S.W.(2d) 988.

The Oar Case, supra, was a suit to cancel a deed in so far as it purported to convey a certain 100-acre tract of land which the plaintiffs alleged was erroneously included in the deed to their stepfather, Oar, through fraud practiced upon them by him. The deed was canceled upon a finding of fraud. On appeal, Oar assigned as error the overruling of his special exception which complained of the failure of the petition to allege that the notary was a party to the fraud. The Supreme Court held that the trial court was not in error in overruling the exception for the reason that plaintiff's petition did not in any manner attack the validity of the execution of the deed. The pleading which the court thus held to constitute an action for fraud only, and not an attack on the acknowledgment by the married women, who were plaintiffs, contained the following plea, as summarized in the opinion of the Court of Civil Appeals, 135 S. W. 710, 711:

"They did not agree to sell the defendant Oar any part of their interest in the 100 acres of land in controversy, and it was understood by all the parties that said 100 acres, which was known as the home place, was not to be conveyed. Defendant R. V. Oar agreed to have deeds drawn in accordance with the trade, and, he being the stepfather of the plaintiffs and having raised them from the time they were small children, they had confidence in him as a child has in a parent, and they trusted and relied upon him implicitly to have the deeds drawn in accordance with the contract. The defendant R. V. Oar, however, took advantage of the confidence which the plaintiffs reposed in him, and for the purpose of cheating and defrauding the plaintiffs out of the land in controversy caused the description of said land to be incorporated in the deeds, *and procured a notary to take the acknowledgments, and said notary did not fully explain the same to the plaintiffs, or to any of them, nor did he read any part of any of the deeds to any of the plaintiffs, or tell them the land in controversy was included therein,* and the plaintiffs did not know that said land, or any part thereof, was described in said deeds. With knowledge of all these facts defendant R. V. Oar accepted said deeds and had them recorded." (Italics ours.)

I cannot escape the conclusion that the pleading in the case before us is no more an attack upon the manner in which the deed was executed than was the pleading in the Oar Case, and, in holding that it was, I think we are in conflict with the Oar Case and the other authorities cited. The cases cited by appellee in support of the judgment are all cases where either the certificate of acknowledgment of the married woman was fatally defective on its face, or, where the certificate, being regular, was directly attacked by appropriate allegations. See Holland v. Votaw, 62 Tex. Civ. App. 91, 130 S. W. 882; Stephenson v. Arceneaux (Tex. Civ. App.) 227 S. W. 729; Stephenson v. Mallett (Tex. Civ. App.) 240 S. W. 633; Cockerell v. Callaham et ux. (Tex. Civ. App.) 257 S. W. 316; Gary v. McKinney (Tex. Civ. App.) 239 S. W. 283; McEntire et ux. v. Thomason (Tex. Civ. App.) 210 S. W. 563.

If the view above expressed is correct, it is immaterial that the defendant did not specially except to plaintiffs' petition. The petition was good as stating an action for fraud in procuring the deed, and there was no plea to except to attacking Mrs. Rhodes' acknowledgment. Nor is it material that proof of the notary's failure to read and explain the deed was introduced without objection from the defendant. The testimony was clearly admissible on the allegation of fraud and no valid objection could have been urged against its introduction.

It follows from the above that I think the motion for rehearing should be granted and the case remanded for a new trial.